UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 FEB 19 P 3:00
U.S. DISTRICT COURT
HARTFORD CT.

ARTHUR CORBETT

V.

OFFICER FITZGERALD, ET AL.

PRISONER
CASE NO. 3:02CV1736 (RNC)(TPS)

RULING AND ORDER

Pending before the court is a motion for extension of time and motion for appointment of counsel. For the reasons set forth below, both motions are denied.

The plaintiff seeks the appointment of pro bono counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff attaches four letters dated in September 2003 and addressed to different law firms in Connecticut and four letters dated in December 2003 and addressed to different law firms in Connecticut. The plaintiff also attaches a response to one of his letters. The attorney declines representation. The plaintiff does not indicate whether he received any responses to the seven other letters. As such, the plaintiff's attempts to secure representation are undocumented. In addition, the plaintiff does not indicate that he

has made any attempt to contact the Inmates' Legal Assistance Program with respect to any questions he may have concerning this case. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program is available to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda.

The possibility that the plaintiff may be able to secure legal assistance or counsel independently precludes appointment of counsel by the court at this time. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance, including the names and addresses of the attorneys, legal organizations or law school clinics contacted, the dates on which the plaintiff contacted the attorneys or organizations and the specific reasons why assistance was unavailable. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.

The defendants seek an extension of time to file a Rule 26(f) Scheduling Order. The court has determined that this is a prisoner matter and has designated it as such. Pursuant to Local Rule 26(e)(3), the requirement that the parties confer and file a party planning conference report does not apply to prisoner cases. The court has already issued a scheduling order in this case. (See doc. # 20.)

Conclusion

The Motion for Appointment of Counsel [doc. # 13] is DENIED without prejudice. The defendants' Motion for Extension of Time to Submit 26(f) Scheduling Order [doc. # 11] is DENIED as unnecessary.

SO ORDERED at Hartford, Connecticut, this 19th day of February, 2004.

Thomas P. Smith
United States Magistrate Judge

3