UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ARTHUR M. CORBETT** | : | ~~PRISONER~~ |
| **Plaintiff,** | : | **CIV. NO: 3:02CV1736 (RNC)** |
| v. | : | |
| **OFFICER FITZGERALD, ET AL** | : | |
| **Defendants** | : | **MAY 25, 2006** |

## VERDICT FORM

**WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:**

I. **Excessive Force Claim:**

    A. With respect to each of the following defendants, has the plaintiff proven by a preponderance of the evidence that the defendant violated his constitutional right to be free from the use of excessive force?

| | | |
|---|---|---|
| Brian Fitzgerald | _____ Yes | _____ No |
| John Cummings | _____ Yes | _____ No |
| Matthew Cosgrove | _____ Yes | _____ No |
| Frank Delbouno | _____ Yes | _____ No |

    If you answered "No" as to all defendants, proceed to Part II. If you answered "Yes" as to any defendant, proceed to Part I.B.

BMF06050                                    1

B. If you answered "Yes" as to any defendant in Part I.A., has that defendant proven by a preponderance of the evidence that he is immune from liability under the defense of qualified immunity because a reasonable police office in that defendant's situation would have believed his conduct to be lawful?

> Please note: If your answer in Part I.A. as to a defendant was "No," you should not respond to this question for that defendant.

Brian Fitzgerald _____ Yes _____ No

John Cummings _____ Yes _____ No

Matthew Cosgrove _____ Yes _____ No

Frank Delbouno _____ Yes _____ No

(proceed to Part II)

II. **State Law Claim – Assault and Battery:**

With respect to each of the following defendants, has the plaintiff proven by a preponderance of the evidence that that defendant engaged in conduct that constituted assault and battery of the plaintiff in violation of Connecticut law?

Brian Fitzgerald _____ Yes _____ No

John Cummings _____ Yes _____ No

Matthew Cosgrove _____ Yes _____ No

Frank Delbouno _____ Yes _____ No

(proceed to Part III)

### III. Conspiracy Claim

With respect to the defendants Cosgrove and Delbouno, has the plaintiff proven by a preponderance of the evidence that they were involved in a conspiracy pursuant to 42 U.S.C. §1985?

Matthew Cosgrove  \_\_\_\_\_ Yes       \_\_\_\_\_ No

Frank Delbouno    \_\_\_\_\_ Yes       \_\_\_\_\_ No

### IV. If No Liability

If you have concluded that no defendant is liable to the plaintiff under any claim, proceed to Part VII. Otherwise, proceed to Part V.

### V. Compensatory Damages/Nominal Damages

> Please note that you cannot award both compensatory and nominal damages on the same claim.

A.  With respect to any defendant you find to be liable to the plaintiff, has the plaintiff proven by a preponderance of the evidence that she sustained injury or damage as a result of the wrongful conduct of that defendant?

> Please note: you should not respond to this question as to a defendant unless you concluded that the defendant is liable to the plaintiff.

Brian Fitzgerald   \_\_\_\_\_ Yes       \_\_\_\_\_ No

John Cummings     \_\_\_\_\_ Yes       \_\_\_\_\_ No

Matthew Cosgrove  \_\_\_\_\_ Yes       \_\_\_\_\_ No

Frank Delbouno    \_\_\_\_\_ Yes       \_\_\_\_\_ No

    (proceed to Part V.B.)

B. If your answer to Part V.A. is "Yes" as to any defendant, what is the amount of compensatory damages you determine to be fair, just and reasonable?

  Compensatory Damages:  $_____

  (proceed to Part V.C.)

C. If your answer to Part V.A. is "No" as to any defendant, but you have found that there was a violation of a right secured by the U.S. Constitution for which the defendant is liable (i.e., you completed and answered "No" to part I.B. as to that defendant), you <u>must</u> award nominal damages in the amount of $1.00. Please enter that amount.

  Nominal Damages:  $_____

## VI. Punitive Damages

With respect to each of the following defendants, if you found that that defendant is liable to the plaintiff for compensatory or nominal damages, do you also find that, because of his conduct, he is liable for punitive damages?

| | | |
|---|---|---|
| Brian Fitzgerald | _____ Yes | _____ No |
| John Cummings | _____ Yes | _____ No |
| Matthew Cosgrove | _____ Yes | _____ No |
| Frank Delbouno | _____ Yes | _____ No |

(proceed to Part VII)

VII.  You have now completed your deliberations.  Please sign and date this form.

Dated at Bridgeport, Connecticut this _____ day of _____, 2006

_____
Foreperson

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ARTHUR M. CORBETT** | : | ~~PRISONER~~ |
| **Plaintiff,** | : | CIV. NO: 3:02CV1736 (RNC) |
| v. | : | |
| **OFFICER FITZGERALD, ET AL** | : | |
| **Defendants** | : | MAY 25, 2006 |

## DEFENDANTS' REQUEST TO CHARGE

### INSTRUCTION #1

### SUBSTANTIVE CHARGE

In this case, the plaintiff claims that the defendants deprived him of rights secured by the Constitution of the United States. Specifically, under the constitutional claim the plaintiff brings it under a section of federal law known as the Civil Rights Act, which provides that:

> [e]very person who, under color of any statute of any state...subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured . . .

BMF06051

1

INSTRUCTION #2

## ESSENTIAL ELEMENTS

The plaintiff has the burden of establishing, by a preponderance of the evidence, the essential elements of each of his claims. In this suit he must prove as to the civil rights allegations that the defendants (1) acted under color of state law, (2) that the defendants' acts and conduct deprived him of certain rights secured by the Constitution of the United States, (3) that any damages were proximately caused by such acts or conduct and (4) the damages, if any, that he may be entitled to receive.

But as to the first element, that the defendants acted under so-called color of authority of the State, the defendants concede that they were acting under color of State Law. That element is not disputed. The issue as to this claim is whether the defendants violated any of the plaintiff's civil rights and were any acts of the defendants the proximate cause of the plaintiff's injuries.

Some of you have probably heard of negligence cases. A negligence case is a lawsuit in which it is claimed that somebody failed to act with reasonable care. This is not a negligence case, not with respect to the civil rights claims. I instruct you that, to establish a violation of civil rights under §1983, a plaintiff must prove to you by a fair preponderance of the evidence that the defendants acted intentionally or recklessly. He need not have intentionally set out to violate someone's civil

BMF06051                                2

rights. That a person had no specific intent or purpose to deprive another of his civil rights will not excuse him from liability if those acts did in fact deprive a plaintiff of those rights.[1] But his acts must be intentional or reckless. If a plaintiff has proven by a fair preponderance of evidence that the acts of the defendants were merely negligent -- that is, careless -- even if you find that a plaintiff was injured as a result of those acts, you must find that here was no violation of civil rights.[2]

---

[1] **Donald v. Wilson**, 847 F.2d 1191 (6th Cir. 1988); plaintiff's amended request to charge, February 7, 1996, #2, p. 2.

[2] Modern Federal Jury Instructions - Civil, Instruction 87-75

INSTRUCTION #3

**STATE OF MIND: INTENTIONAL OR RECKLESS**

An act is intentional if it is done knowingly, or, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its own probable consequences. Recklessly means with indifference to consequences. For example, if a person says something about another person without knowing whether it is true or not, or says it without regard to its truth or falsity or its probable consequences, he may be found to have spoken recklessly.

In determining whether a defendant acted with required intention or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or doesn't do, there is no way of looking into a person's mind nor his intent. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[3]

---

[3] 4 Modern Federal Jury Instructions - Civil, Instructions 87-76, 87-77.

INSTRUCTION #4

**STATE OF MIND: NEGLIGENCE**

If you find that the act of a defendant was merely negligent, then even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for that defendant as to that civil rights claim. An act is negligent if the defendant was under a duty or obligation that required the defendant to adhere to a certain standard of conduct to protect others against unreasonable risks, and the defendant breached that duty or obligation.

INSTRUCTION #5

## PROXIMATE CAUSE

In order for the plaintiff to prevail on his claims, there must be a showing by a preponderance of the evidence that the defendants' conduct, if found to be unconstitutional, was a proximate cause of the plaintiff's injuries. An act is a proximate cause of a particular result, if it was the actual cause, that is, it is a substantial factor in bringing about that particular result.[4] An occurrence is proximately caused by, or is the direct consequence of, acts which in their natural and continuous sequence, unbroken by a new, independent cause, produced or brought about such occurrences. If an act is of no consequence, or is so trivial as to be a mere incident of the ensuing occurrence, then the act would not have been a substantial factor productive of the occurrence and not a proximate cause.

If the defendants' acts were a substantial factor in bringing about the plaintiff's injuries, and the injuries were a direct consequence of defendants' acts in his natural and continuous sequence, unbroken by a new, independent cause or causes, then such defendants' acts would have been a proximate cause of the

---

[4] **Doe v. Manheimer**, 212 Conn. 748 at 757 (1989).

arrest. If the defendants were not a substantial factor in bringing about plaintiff's injuries, that is, if the injuries were not a direct consequence of defendants' acts in his natural and continuous sequences, unbroken by a new, independent cause or causes, then such defendants' acts in their natural and continuous sequence, unbroken by a new independent cause or causes, then such defendant's acts would not have been a proximate cause of the plaintiff's claim of excessive force.