## INSTRUCTION #6

### EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable force while being arrested. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

The plaintiff alleges that the defendants used excessive force and that, as a result, the plaintiff was injured. The defendants deny that the force they used was excessive force under the circumstances. You must determine whether or not the defendants acted as the plaintiff claims and did so intentionally or recklessly. If you find that they did act as the plaintiff claims, you must decide whether the force used was reasonable. Whether or not a police officer is justified in using force to detain a person or to secure a person's arrest or to defend himself or others or take a person into custody, and how much force that officer was justified in using, is determined by the Fourth Amendment standard of "reasonableness." A law enforcement official may use the force that a reasonable police officer would believe is required. To determine whether excessive force was used, you must determine whether the amount of force used was that which a reasonable

officer would have employed under the circumstances shown from the evidence in this case.[5]

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that a defendant used excessive force in violation of the Fourth Amendment, the plaintiff must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If the plaintiff fails to prove any one of these elements, you must find for the defendants.

The unreasonableness of the force properly used must be judged objectively, from the perspective of a reasonable officer on the scene, not with all the knowledge of hindsight. Not every use of force or conduct, whatever the case may be, even if it may later seem unnecessary in the relative peace of the

---

[5] **Graham v. O'Connor**, 490 U.S. 386, 109 S.CT. 1865, 104 L.Ed.2d 443 (1989); 4 Modern Federal Jury Instructions - Civil, Instruction 87-74C; 3 Debitt, Blackmar & Wolf, Federal Jury Practice and Instructions - Civil, § 103.08 (1994 Pocket Part).

courtroom, violates the law. Under Connecticut law, a person is not justified in using physical force to resist an arrest by a reasonably identifiably police officer, whether the arrest is legal or not. A peace officer is also justified in using force to defend himself or a third person from use of force or imminent use of deadly physical force to effect arrest or prevent an escape.

Whether excessive force was used depends on whether the officer's actions were "objectively reasonable" in light of the circumstances with which they were confronted. Because the test of reasonableness is not capable of precise definition or mechanical application, however, you must pay careful attention to the facts and circumstances of this particular case. Circumstances which you should consider in determining whether the amount of force used was objectively reasonable include:

1. Whether a plaintiff was actively resisting at the time or was attempting to evade arrest by flight. Outside of one's home, a person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal (Connecticut General Statute §53a-23).[6]

Not every push, pull or shove, even if it may seem unnecessary in the peace of the courtroom, violates the Constitution.

---

[6] Connecticut General Statutes §53a-22(b)

You should also consider that police officers are often required to make split second judgments -- in circumstances that are tense, uncertain, and rapidly involving.[7] 20/20 hindsight is not the appropriate lens through which to view the police officers' acts. You do not have to determine whether the Defendants had less intrusive alternatives available, for the Defendants need only have acted within that range of conduct identified as reasonable.

Only if you find from the evidence that a defendant used more force against a plaintiff than would have appeared to a reasonable police officer in the same circumstances to have been necessary in order to accomplish the lawful purpose intended; then you may find the defendants to have used excessive force against a plaintiff contrary to the Fourth Amendment. If a plaintiff has failed to prove by a fair preponderance of the evidence that what the officer did constituted excessive force, that is, more than a reasonable police office in similar circumstances would have deemed necessary, then you must find for the defendants.

---

[7] ***Martin v. Gentile***, 849 F.2d 863 (4th Cir. 1988); ***Lennon v. Miller***, 66 F.3d 416, 420 (2nd Cir. 1995)

INSTRUCTION #7

**DEFENSE OF QUALIFIED IMMUNITY**

Even if you find that a defendant did deprive a plaintiff of his constitutional rights, that defendant still may not be liable to the plaintiff because in this case, the defendants have raised a defense of qualified immunity. If you find from the evidence that reasonable police officers could have acted the same as the Defendants under the same or similar circumstances, and that they believed their acts to be lawful, then these officers have prevailed on their affirmative defense and you should return a verdict in their favor on this claim.[8] Great deference is given to police officers faced with moments of potential peril to the extent that the officers are entitled to immunity even if "officers of reasonable competence could disagree" on the legality of the Defendants' actions.[9] However, keep in mind that the burden of proof as to this defense, at all times, rests with the defendant.[10] If you find that the defendant is entitled to qualified immunity, that defendant is not liable even though you find he may have committed a violation of civil rights.

---

[8] **Ansley v. Heinrich**, 925 F.2d 1339 (11th Cir. 1991)
[9] **Malley v. Briggs**, 475 U.S. 335 at 341 (1986); **Golino v. City of New Haven**, 950 F.2d 864, 870 (2nd Cir. 1991) cert. denied 112 S. Ct. 3032 (1992).
[10] **Finnegan**, 915 F2d 817, 821, 822.

INSTRUCTION #8

**CONSPIRACY**

The plaintiff contends that each of the defendants engaged in a conspiracy to violate his civil rights. His claim is based upon the contention that the officers stood by while some were using excessive force. In this regard, you must first determine that some of the officers used excessive force in subduing and arresting the plaintiff. If there is no excessive force, there is no conspiracy.

In order for the plaintiff to prevail on his claim that the officers engaged in a conspiracy, he must show that there was some conspiracy; that is, agreement which was made for the purpose of depriving a person or class of persons of equal protection of the laws, or the equal privileges and immunities under the law and an overt, specific act in furtherance of the conspiracy in which there was an injury to the plaintiff's person, property or deprivation of a right or privilege of a citizen of the United States.[11] Additionally, the plaintiff must demonstrate that any acts were motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind his actions.[12]

---

[11] *Traggis v. St. Barbara's Orthodox Church*, 851 F.2d 584 (2nd Cir. 1988); *Griffin v. Breckenridge*, 403 U.S. 88 (1970)
[12] *Mian v. Donaldson, Lufkin and Jennettee Sic Corp.*, 7 F3d 1085 (2nd Cir. 1993); *Herman v. Moore*, 576 F.2d 453 (2nd Cir. 1978)

BMF06051                                13

The plaintiff must show as to each defendant specific acts of participation in the conspiracy. If the plaintiff's claim is simply an allegation, without supporting facts, you must find for the defendants on this claim.[13]

---

[13] **Thornton v. City of Albany**, 831 F. Supp. 970 (N.D. N.Y. 1993)

INSTRUCTION #9

**ASSAULT AND BATTERY**

The plaintiff claims that the defendants committed an assault and battery against him on January 16, 2001. The defendants deny any assault and battery.

An assault is any attempt with the use of unlawful force or violence to another person, coupled with the present ability to complete the act. A battery is a completed assault. An assault can be committed intentionally or under circumstances showing a reckless disregard of the consequences.

One who makes a legal arrest has the right to use as much force as he reasonably believes necessary in order to make the arrest. An officer is justified in using physical force during an arrest, when and to the extent that he reasonably believes it necessary, to effect an arrest of a person whom he reasonably believes to have committed an offense or to defend himself or a third person from the use or imminent use of physical force while attempting to effect that arrest. An individual is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal.

INSTRUCTION #10

### DAMAGES: GENERALLY

In this case, the plaintiff seeks to recover money damages for his alleged injuries. You should not consider the question of damages unless you first determined a defendant is liable or is not immune from liability.

### DAMAGES

In the event you do come to the conclusion that the rights of the plaintiff were violated, and that the defendant acted so as to cause such a violation, then plaintiff would be entitled to recover such damages as he proves by a fair preponderance of the evidence, to have been proximately cause by one or more acts which you find violated the rights of the plaintiff.

A defendant whom you find, under the instructions previously given, to have acted so as to deprive the plaintiff of one or more of this constitutional or common law rights is only liable for such damages as are proven to have been proximately caused by the acts committed in violation of plaintiff's rights, or for which he is liable as you have been instructed. Thus, a defendant whom you find to have violated the plaintiff's rights is not necessarily liable for all of plaintiff's claims nor even indeed the damages he has proven. An act is a proximate cause of particular damage if it is a substantial factor in bringing about that particular damage. Damages are proximately caused by or are the direct consequence of acts which

are in their natural and continuous sequence, unbroken by a new, independent cause, produced or brought about such damages. If an act is of no consequence, or is so trivial as to be a mere incident of the ensuing damage, then the act would not have been a substantial factor of the damage and not a proximate cause.

With regard to damages, the same burden of proof rests upon the plaintiff to prove his claims of damages by a fair preponderance of the evidence. Before he can recover based upon any one of his claims, plaintiff must prove, by a fair preponderance of the evidence, each element of that claim. plaintiff may thus recover damages only for such of his claims as to which he has proven each element by a fair preponderance of the evidence.

The plaintiff has claimed that the defendants used unnecessary force in apprehending him causing him injuries. You are not at liberty to guess or infer what the damages are. You must use you best judgment. You may award damages in an amount which fairly, reasonably and justly compensates the plaintiff for damages which were proximately caused by any violation of his rights. Compensatory damages are intended to make a plaintiff whole, that is to fairly, reasonably and justly compensate the plaintiff for any item of damage he has sustained and proven to your satisfaction.

Compensatory damages are not a punishment and cannot be imposed or increased to penalize the defendant. Neither can compensatory damages be

based on speculation because it is only actual damages - what the law calls compensatory damages - that are recoverable.

There are two kinds of damages you may consider. The first is compensatory damages, which is the sum of money to compensate the plaintiff for injuries caused by the denial, if such you were to find there was, of their constitutionally protected rights.

Compensatory damages would include actual loss of time or money and the mental and physical aspects of injury - tangible and intangible. They are an attempt to restore the plaintiff, that is, to make him whole or as he was immediately prior to these injuries.

With respect to damages, plaintiff has the burden of proving:

(a)   what damages or injuries were sustained;

(b)   that the defendant's acts were the legal (proximate) cause of the damages or injuries proven.

Thus, plaintiff may recover fair reasonable and just compensation for only those injuries and elements of damage which he has proven were sustained and were caused by the acts of the defendant who violated the plaintiff's rights.

INSTRUCTION #11

**MULTIPLE DEFENDANTS - COMPENSATORY DAMAGES**

I have one more cautionary instruction before I define the types of damages that you may award if you find that the plaintiff has proved liability according to the standards that I have enumerated.

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are three defendants in this case, it does not follow that if one is liable, the other is liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that the defendants are jointly liable on a particular claim, then you may simply determine the overall

amount of damages for which they are liable, without breaking that figure down into individual percentages. With respect to punitive damages, you must make separate awards for each defendant that you find liable for punitive damages.

INSTRUCTION #12

## PUNITIVE DAMAGES

The law permits the jury, under circumstances, to award punitive damages in order to punish a wrong doer for some extraordinary misconduct, and to serve as an example or warning for others not to engage in wrongful conduct. Only if you should find that the plaintiff is entitled to compensatory damages do you consider an award of punitive damages. Also, you must find that the acts of the defendants which caused actual injury to the plaintiff were done maliciously, wantonly, or oppressively before you may add to the award of compensatory damages such punitive damages as you find proper.

Punitive damages must be assessed on an individual basis and cannot be assessed jointly against co-tortfeasors.[14]

An act or failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

---

[14] **McFadden v. Sanchez**, 710 F.2d 987 (2nd Cir. 1983).

An act or failure to act is "wantonly" done if done is a reckless or callous disregard of, or indifference to, the rights of one or more persons including the injured person.

An act or failure to act is "oppressively" done if done in a way or manner which injuries, or damages or otherwise harshness or severity, as by misuse or abuse of authority or power, or by taking advantage or some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury. But you should always bear in mind that such punitive damages may be allowed only if you should first award the plaintiff compensatory damages.

And you should also bear in mind the requirement of the law that the amount of punitive damages, when awarded, must be fixed with claim discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

THE DEFENDANTS

BY: _____
Barbara Brazzel-Massaro
Assistant City Attorney
Office Of The City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Tel: 203/576-7647
Fed. Bar #05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Request to Charge" has been mailed, postage prepaid, this 25th day of May, 2006, to:

Arthur M. Corbett (297066)
Carl Robinson Correctional Institution
P.O. Box 1400
Enfield, CT 06083-1400

_____
Barbara-Brazzel-Massaro