UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR M. CORBETT | : | CIVIL ACTION NO. |
| | : | 3:02-CV-01736 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| OFFICER FITZGERALD, et al. | : | |
| | : | |
| Defendant. | : | MAY 1, 2007 |

## JOINT TRIAL MEMORANDUM

The parties hereby submit this Joint Trial Memorandum pursuant to the Court's March 15, 2007 Pre-Trial Order. The Defendants' have objected in part to this Joint Trial Memorandum and rely in part on the Joint Trial Memorandum they submitted previously on May 25, 2006. Jury selection is currently set for June 12, 2007.

**A.  Trial Counsel**

Plaintiff's Counsel

Jason S. Weathers
Jeffrey A. Fritz
Thomas D. Goldberg
Day Pitney LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Telephone:  (860) 275-0100
Facsimile:   (860) 275-0343
E-mail:  *jsweathers@daypitney.com*
         *jafritz@daypitney.com*
         *tgoldberg@daypitney.com*

Defendants' Counsel

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

41771401.1

    Telephone:  (203) 576-7647
    Facsimile:   (203) 576-8252
    E-mail: *BrazzB0@CI.Bridgeport.CT.US.*

**B.**    **Jurisdiction**

42 U.S.C. § 1983.

**C.**    **Jury/Non-Jury**

Jury Trial.

**D.**    **Nature of Case**

Mr. Corbett brought this lawsuit seeking to recover compensatory and punitive damages from Defendants on claims that he was deprived of constitutional rights under 42 U.S.C. § 1983. Mr. Corbett alleges that Defendants used unreasonable and excessive force during his January 16, 2001 arrest in violation of his constitutional rights and failed to intervene in the use of excessive force.

**E.**    **Stipulations of Fact and Law**

1. On January 16, 2001, Officers Fitzgerald, Cummings, Delbouno, and Cosgrove were employed by the City of Bridgeport Police Department and acting in their capacity as police officers.

2. Officers Fitzgerald, Cummings, Delbouno, and Cosgrove were acting under color of state law in the course of their January 16, 2001 arrest of Mr. Corbett.

3. On January 16, 2001, Mr. Corbett had five outstanding arrest warrants for failures to appear.

**F.**    **Plaintiff's Contentions**

On January 16, 2001, Defendants Cummings and Fitzgerald stopped a car in which Mr. Corbett was riding as a passenger, informed him that he was under arrest, and ordered him to get

out of the car and lie on the ground. While Mr. Corbett was complying with their demands and submitting to the arrest, Defendants Cummings and Fitzgerald, along with Defendants Delbouno and Cosgrove, back-up officers who had arrived at the scene, proceeded to beat him, including kicking him in the head and hitting him about the head and body with a flashlight or flashlights. Mr. Corbett did not resist arrest and did not attempt to evade the police. Mr. Corbett contends that each Defendant violated Mr. Corbett's constitutional rights by using unreasonable and excessive force and/or failing to intervene during the course of the January 16, 2001 arrest.

**G.    Defendant's Contentions**

On January 16, 2001, Officers Fitzgerald and Cummings conducted a motor vehicle stop of an automobile and they recognized Mr. Corbett. When the officers attempted to take Mr. Corbett into custody for the outstanding warrants, he began to resist and attempted to evade capture. The officers used force necessary not only to effect the arrest, but also to prevent injury to themselves. The officers deny using excessive force and/or that Officers failed to intervene.

**H.    Legal Issues**

1.    Whether Defendants used excessive force, or failed to intervene in the use of excessive force by others, in the course of arresting Mr. Corbett in violation of Mr. Corbett's Fourth Amendment rights and federal law.

2.    Whether the fact that parts of the "Use of Force" forms are missing from the records of Bridgeport Police Department permits, or requires, an inference that the contents of the missing parts of the forms are unfavorable to the Defendants.

3.    Whether Defendants have proven that the affirmative defense of Qualified Immunity attaches.

4.    Whether Defendants are entitled to a Qualified Immunity instruction.

Mr. Corbett objects to Defendants' jury instruction on the affirmative defense of qualified immunity. (See Defs.' Instruction #7.)  Qualified Immunity "is in essence a legal decision whether on the basis of the law as it existed at the time of the particular incident, the lawfulness of the officer's conduct was reasonably clear or was a matter of doubt." Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003) (citations omitted).  "Juries are hardly suited to make decisions that require an analysis of legal concepts and an understanding of the inevitable variability in the application of highly generalized legal principles.  Moreover, such an analysis would seem to invite each jury to speculate on the predictability of its own verdict." Id. (citations omitted).  The ultimate determination, therefore, of whether the affirmative defense of qualified immunity attaches to a police officer's actions is "a question of law better left for the court to decide." Cowen v. Breen, 352 F.3d 756, 761 (2d Cir. 2003) (citing id.)

Indeed, in Ansley v. Heinrich, 925 F.2d 1339, 1347-48 (11th Cir. 1991), *which Defendants cite in support their charge*, the court found that the trial court erred in giving a qualified immunity instruction, finding that where disputed issues of fact preclude an early ruling on a qualified immunity affirmative defense, "the jury should determine the factual issues without any mention of qualified immunity."  The Ansley Court cited a Second Circuit case for the proposition that "[t]he better rule . . . is for the court to decide the issue of qualified immunity as a matter of law . . . on a motion for direct verdict.  If there are unresolved factual issues which prevent early disposition of the defense the jury should decide these issues on special interrogatories." Id. at 1346 (citing Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir. 1990)).

Based on the foregoing, the Court should not instruct the jury on the affirmative defense of qualified immunity.

**I.      Voir Dire Questions**

Plaintiff attaches his Proposed Voir Dire as Exhibit A.

**J.      Witnesses**

    A.      Plaintiff's Witnesses

1.      Arthur M. Corbett
        135 Prince St.
        Bridgeport, CT

Mr. Corbett may testify regarding the circumstances of his arrest on January 16, 2001 and regarding the damages he suffered as a result of the actions of the arresting officers.  Mr. Corbett may also testify as to his prior experiences with certain of the arresting officers.

Estimated duration of direct exam: 2 hours

2.      Diane Walker
        270 Graham St.
        Stratford, CT

Ms. Walker may testify regarding the circumstances surrounding Mr. Corbett's January 16, 2001 arrest.

Estimated duration of direct exam: 30 minutes

3.      La-Travietta Laws
         10A Emeraude Plage
         Hampton, VA

Ms. Laws may testify regarding the circumstances surrounding Mr. Corbett's January 16, 2001 arrest.

Estimated duration of direct exam: 30 minutes

4.      Treating Physicians for Mr. Corbett from Bridgeport Hospital, including Ron Mark, M.D. and Gerard J. Muro
         267 Grant Street
         Bridgeport, CT

The treating physicians may testify as to Mr. Corbett's medical treatment and records.

Estimated Duration of direct exam: Less than 30 minutes

5.      Plaintiff reserves the right to call as a witness any individual identified as a potential witness by the Defendants

B.      <u>Defendants' Witnesses</u>

1.      Sergeant John Cummings
         Bridgeport Police Department
         300 Congress Street
         Bridgeport, CT 06604

Sergeant Cummings may testify as to the events surrounding the Plaintiff's arrest on January 16, 2001. Approximate direct exam: Less than 1 hour.

2.      Police Officer Brian Fitzgerald
         Bridgeport Police Department
         300 Congress Street
         Bridgeport, CT 06604

Police Officer Fitzgerald may testify as to the events surrounding the Plaintiff's arrest on January 16, 2001. Approximate direct exam: Less than 1 hour.

3.      Police Officer Frank Delbouno
         Bridgeport Police Department
         300 Congress Street

       Bridgeport, CT  06604

Police Officer Delbouno may testify as to the events surrounding the Plaintiff's arrest on January 16, 2001.  Approximate direct exam:  Less than 1 hour.

4.     Police Officer Matthew Cosgrove
       Bridgeport Police Department
       300 Congress Street
       Bridgeport, CT  06604

Police Officer Cosgrove may testify as to the events surrounding the Plaintiff's arrest on January 16, 2001.  Approximate direct exam:  Less than 1 hour.

5.     Sergeant Mark Straubel
       Bridgeport Police Department
       300 Congress Street
       Bridgeport, CT  06604

Sergeant Straubel may testify as to the events surrounding the Plaintiff's arrest on January 16, 2001.  Approximate direct exam:  30 minutes

6.     Lt. Robert Sapiro
       Bridgeport Police Department
       300 Congress Street
       Bridgeport, CT  06604

Lt. Sapiro may testify as to statements made by the Plaintiff to him regarding the arrest of January 16, 2001.  Approximate direct exam:  15 minutes

7.     Keeper of Records
       Bridgeport Hospital
       267 Grant Street
       Bridgeport, CT

May testify as to records of Arthur Corbett.  Approximate direct exam:  15 minutes

8.     Mr. Frank Betar
       645 Pine Street
       Bridgeport, CT

Mr. Betar may testify as to what he observed during the arrest of Mr. Corbett on January 16, 2001.  Approximate direct exam:  20 minutes

9.     Mr. Brad Burns
       633 Pine Street
       Bridgeport, CT

Mr. Burns may testify as to what he observed during the arrest of Mr. Corbett on January 16, 2001.

*Plaintiff objects to any and all testimony and evidence relating to prior arrests of Mr. Corbett and any and all testimony and evidence mentioning or referring to Mr. Corbett's prior arrests and the subjects thereof as set forth in the Motion in Limine attached hereto as Exhibit D and Supporting Memorandum attached hereto as E. Mr. Corbett also reserves his right to object to the admissibility of any testimony by the Defendants' witnesses at the time of trial.*

**K.    Exhibits**

    A.    Plaintiff's Exhibits

        1.    Citizen's Complaint – Arthur Corbett

*Defendants object to this Exhibit.*

        2.    Lieutenant Robert Sapiro Interview of Arthur Corbett

*Defendants object to this Exhibit.*

        3.    Citizens Complaint – Dianne Walker

*Defendants object to this Exhibit.*

        4.    Lieutenant Robert Sapiro Interview of Dianne Walker

*Defendants object to this Exhibit.*

        5.    Plaintiff's medical records stemming from the incident

        6.    City of Bridgeport Department of Police Policies and Procedures Manual

*Defendants object to this Exhibit.*

        7.    Incident Report #001101242 - Report of Fitzgerald and Cummings

    B.    Defendants' Exhibits

        1.    Incident Report #010116-278 – Report of Fitzgerald and Cummings

*Plaintiff objects to the introduction into evidence of portions of Incident Report #010116-278 as set forth in the Motion in Limine attached hereto as Exhibit D and Supporting Memorandum attached hereto as Exhibit E.*

  2.  Photograph of Corbett on January 16, 2001

  3.  CAD File of 01016-278 – Describing call of officers and times of service

  4.  Arrest record of Corbett

*Plaintiff objects to the introduction into evidence of portions of the arrest record of Mr. Corbett as set forth the Motion in Limine attached hereto as Exhibit D and Supporting Memorandum attached hereto as Exhibit E.*

  5.  Photographs of knee injuries to Officer Fitzgerald completed by Detective Bureau

  6.  Bridgeport Hospital records (December 18, 2000) of Mr. Corbett

  7.  CAD record of call for assistance by Officer Fitzgerald and/or Cummings with 10-32

  8.  Copies of the warrants for Arthur Corbett on January 16, 2001

  9.  Medical treatment and report of Sergeant Fitzgerald

  10.  Delbouno Use of Force Form

*Plaintiff objects to the introduction of this document as an exhibit because, among other reasons, the document is incomplete.*

  11.  Cosgrove Use of Force Form

*Plaintiff objects to the introduction of this document as an exhibit.*

  12.  Fitzgerald Use of Force Form

*Plaintiff objects to the introduction of this document as an exhibit because, among other reasons, the document is incomplete.*

*Plaintiff reserves his right to object at the time of trial to the admissibility of each and every exhibit introduced by Defendants.*

**L.**  **Deposition Testimony**

The parties do not anticipate introducing deposition testimony.

**M.**  **Requests for Jury Instructions**

Plaintiff attaches his Proposed Jury Instructions as Exhibit B.

Defendants' object in part to Plaintiff's instructions and offer as alternative instructions those instructions Defendants' filed with the court on May 25, 2006.

N.  **Anticipated Evidentiary Problems**

Plaintiff moves to preclude the admissibility of portions of the arrest record of Mr. Corbett and to preclude any reference to his prior arrests, or the subjects thereof, other than the January 16, 2001 arrest at issue in this case and his November 1, 2000 arrest by Officers Fitzgerald and Cummings, as set forth in the Motion in Limine attached hereto as Exhibit D and Supporting Memorandum attached as Exhibit E.  Defendants will file an objection to Plaintiff's Motion in Limine within a reasonable time of the filing of this Joint Trial Memorandum.

Plaintiff also anticipates seeking an adverse inference instruction with respect to missing parts of the Use of Force forms relating to Mr. Corbett's January 16, 2001 arrest.

O.  **Trial Time**

Plaintiff estimates that trial of this matter will take three to four days.

P.  **Further Proceedings**

The parties do not anticipate any further proceedings prior to trial.

Q.  **Verdict Form**

Plaintiff attaches his Proposed Verdict Form as Exhibit C.

          PLAINTIFF,
          ARTHUR M. CORBETT

By:   /s/ Jason S. Weathers
      Thomas D. Goldberg (ct 04386)
      Jason S. Weathers (ct 24579)
      Jeffrey Allan Fritz (ct 26667)
      Day Pitney LLP
      City Place I
      185 Asylum Street
      Hartford, CT  06103-3499
      (860) 275-0100
      (860) 275-0343 fax
      *tdgoldberg@daypitney.com*
      *jsweathers@daypitney.com*
      *jafritz@daypitney.com*

      Its Attorneys

## **CERTIFICATE OF ELECTRONIC SERVICE**

I HEREBY CERTIFY that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        /s/ Jason S. Weathers
        Jason S. Weathers