UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR M. CORBETT | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:02-CV-01736 (RNC) |
| v. | : |
| | : |
| OFFICER FITZGERALD, et al. | : |
| | : |
| Defendant. | : |
| | MAY 1, 2007 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Arthur M. Corbett, hereby submits the following proposed jury instructions, in addition to the Court's standard instructions. Plaintiff reserves the right to object to Defendants' proposed instructions, and to supplement these proposed instructions as may be appropriate or in light of Defendants' proposed instructions. Objections to certain of these instructions by the Defendants are noted below.

## TABLE OF INSTRUCTIONS

I.   GENERAL INSTRUCTIONS

   Use of Notes

   All Persons Equal Under the Law

   Number of Witnesses not Controlling

   Evidence in the Case

   Court's Comments Not Evidence

   "Direct" and "Circumstantial" Evidence Defined

   "Inferences" Defined

   Failure to Produce Available Evidence

   Credibility of Witnesses

   Burden of Proof

II.  SUBSTANTIVE CHARGE

   Section 1983 Cause of Action Generally

   Section 1983 Cause of Action – Elements

      1.   Excessive Use of Force

      2.   Failure to Intervene

III. DAMAGES

   Compensatory and Nominal Damages

   Punitive Damages

IV.  JURY PROCEDURES

I.  **GENERAL INSTRUCTIONS**

      Mr. Corbett is suing Officers Fitzgerald, Cummings, Delbouno, and Cosgrove under Section 1983 of the United States Code, a civil rights law that provides a remedy to persons who have been deprived of their constitutional rights by persons acting under color of state law.

*Defendants' object to the preceding first paragraph of this general instruction.*

      Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I state it to you and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law I state. You must follow and apply the law.

      As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

      In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening and closing arguments, in objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about the facts of this case. Similarly, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

      Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views or what your decision should be as to the case.

      I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses. The questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.[1]

      As to the facts, ladies and gentlemen, you are the exclusive judges. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully

---

[1] 4-71 Modern Federal Jury Instructions—Civil (Matthew Bender 3d ed.) (citing <u>Patapco Ins. Co. v. Southgate</u>, 30 U.S. 604 (1831); <u>Franks v. U.S. Lines Co.</u>, 324 F.2d 126 (2d Cir. 1963)).

and impartially consider all the evidence, follow the law as I explain it, and reach a just verdict, regardless of the consequences.[2]

**Use of Notes**

You may use any notes you take during the trial. However, you should not substitute these notes for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.[3]

**All Persons Equal Before the Law**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and you must treat them as equals.[4]

You will hear testimony in this case from police officers. The testimony of a police officer is entitled to no special or exclusive treatment. You should consider the testimony of a law enforcement officer just as any other evidence in this case, and in evaluating his credibility, you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[5]

**Number of Witnesses Called is not Controlling**

You should not decide the facts of this case based on the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a small number of witnesses on one side is more credible that the testimony of a greater number of witnesses on the other side.[6]

---

[2] See O'Malley, et al., Federal Jury Practice and Instructions § 103.01 (5th ed. 2000).

[3] See O'Malley, et al., Federal Jury Practice and Instructions § 103.02 (5th ed. 2000); Esaw v. Friedman, 217 Conn. 553, 554 (1991).

[4] See O'Malley, et al., Federal Jury Practice and Instructions § 103.11 (5th ed. 2000).

[5] U.S. v. Victoria-Peguero, 920 F.2d 77 (1st Cir. 1990); U.S. v. Anagnos, No. 87-1690, 1988 U.S. App. LEXIS 2532 (1st Cir. 1988); Butler v. City of Camden, 352 F.3d 811 (3d Cir. 2003); Wallace v. City of Evanstrom, No. 89 C 1716, 1990 U.S. Dist. LEXIS 16714 (N.D. Ill. 1990).

[6] Larson v. Jo Ann Cab Co., 2009 F.2d 929 (2nd Cir. 1954); Odekirk v. Sears Roebuck & Co., 274 F.2d 441 (7th Cir. 1960).

**Evidence in the Case**

Unless I otherwise instruct you, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called them, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless I otherwise instruct, accept the stipulation and regard that fact as proved.

You must disregard entirely any evidence to which I have sustained an objection and evidence that I have ordered stricken.[7]

**Court's Comments Not Evidence**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions.[8]

**"Direct" and "Circumstantial" Evidence Defined**

Generally speaking, two types of evidence exist that litigants present during a trial— direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value you must give to either direct or circumstantial evidence. Nor does it require a greater degree of certainty of circumstantial evidence. You must simply find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[9]

"**Inferences" Defined**

As I mentioned previously, you must consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to

---

[7] See O'Malley, et al., Federal Jury Practice and Instructions § 103.30 (5th ed. 2000).

[8] See O'Malley, et al., Federal Jury Practice and Instructions § 103.33 (5th ed. 2000).

[9] See O'Malley, et al., Federal Jury Practice and Instructions § 104.05 (5th ed. 2000).

what you see and hear as the witnesses testify. You may draw from the facts all such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[10]

### Failure to Produce Available Evidence

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.[11]

In this case, the Defendants failed to produce complete copies of Officers Cummings's and Fitzgerald's "Use of Force" forms. These documents were under the Defendants' control and are not available to Mr. Corbett. Accordingly, you may infer that those "Use of Force" forms are unfavorable to Officers Cummings and Fitzgerald.

*Defendants object to this "Failure to Produce Available Evidence" instruction in its entirety.*

### Credibility of Witnesses

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent you should believe him or her. If any conflict exists between a witness' testimony and other evidence, your function is to resolve the conflict and determine where the truth lies. In this regard, you may consider the demeanor and the behavior of the witness on the witness stand, the witness's manner of testifying, whether the witness has an accurate memory and recollection, whether the witness has any motive for not telling the facts accurately, whether the witness had a full opportunity to observe the matters concerning which he or she has testified, whether the witness may benefit in any way from the outcome of this case, or whether the witness has a friendship or animosity toward other persons concerned in this case.

If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against a party in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of such witness so as to affect the desire and capability of that witness to tell the facts.

You may consider the reasonableness or unreasonableness and the probability or improbability of a witness's testimony in determining whether to accept it as accurate. You may

---

[10] See O'Malley, et al., Federal Jury Practice and Instructions § 104.20 (5th ed. 2000).

[11] See O'Malley, et al., Federal Jury Practice and Instructions § 104.26 (5th ed. 2000); McGinnity v. Metro-N. Commuter R.R., 183 F.R.D. 58, 61-62 (D. Conn. 1998).

consider whether his or her testimony has been contradicted or corroborated by other credible evidence.

You should give the testimony of each witness as much weight, if any, as in your judgment it is fairly entitled to receive.

Previously-made statements which are inconsistent with a witness's testimony may discredit or impeach that witness. You must decide whether a witness made a statement on an earlier occasion and whether it is, in fact, inconsistent with the witness's testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to received.[12]

### **Burden of Proof**

Now, members of the jury, I will instruct you on the burden of proof.

The party who makes a claim or asserts a defense has the burden of proving that claim or defense by a "preponderance of the evidence." Mr. Corbett, as the Plaintiff in this case, must prove each element of his claims and his damages by a preponderance of the evidence. The phrase "preponderance of the evidence" does not mean such degree of proof as produces absolute or mathematical certainty. Nor does it mean proof beyond a reasonable doubt, that is, proof to a moral certainty, as is required in criminal cases.

Preponderance of the evidence means such evidence as, when weighed against that opposed to it, has the more convincing force. It is a question of quality and not of quantity, which is to say that it is not necessarily determined by the number of witnesses or documents bearing on a certain version of the facts. To establish by a preponderance of the evidence is to prove that something is more likely so than not so. In other words, a party has succeeded in carrying his or her burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his or her side of the issue is more convincing to you, and causes you to believe that on that issue the probability of truth favors that party.

This is a legal phrase which is really easier to illustrate than it is to define. To explain to you the meaning or the significance of this phrase "preponderance of the evidence," I ask you to visualize, when you go into the jury room, that you have on the table the scales of justice, on which two trays are hanging evenly in balance. Now, label the right hand tray the Plaintiff's tray then put into that tray all of the evidence in the case which you feel favors his case, giving to that evidence the weight that you believe it is fairly entitled to receive in accordance with these instructions. Then place on the left hand tray all of the evidence in the case that favors the Defendants' side of the case, again giving to this evidence the weight that you believe it is fairly entitled to receive. If the Plaintiff's tray goes down, in other words, if the evidence in the Plaintiff's favor outweighs the evidence in the Defendants' favor, even ever so slightly, then the Plaintiff has sustained his burden of proof by a preponderance of the evidence and your verdict should be for him and against the Defendants.

---

[12] See O'Malley, et al., Federal Jury Practice and Instructions § 105.01 (5th ed. 2000).

However, if the Defendants' tray goes down, that is, if the evidence in the Defendants' favor outweighs the evidence in the Plaintiff's favor, then your verdict should be for the Defendants.  Now, if the trays remain in equal balance upon all of the issues in the case upon which the Plaintiff has the burden of proof, then your verdict must be for the Defendants because, if the evidence weighs the same for both sides, Plaintiff has not sustained his burden of proof by a preponderance of the evidence.

In determining whether the Plaintiff has proved any question or issue by a preponderance of the evidence, you should consider all the evidence bearing upon such question; regardless of who produced it.  A party is entitled to the same benefit from the evidence that favors him or her when produced by an adversary as when produced by himself or herself.[13]

Just as the Plaintiff must carry the burden of proof on the claims that he brings against the Defendants, the Defendants must carry the burden of proof on any defense that they raise as to the Plaintiff's claims.  Thus, in your consideration of the defenses raised by the Defendants, you may only find that the defense has been successfully proven if you find that the Defendants have proven each and every element of the defense by a preponderance of the evidence.

*Defendants object to this "Burden of Proof" instruction in its entirety.*

## II. SUBSTANTIVE CHARGE

### Section 1983 Causes of Action Generally

As I indicated previously, the Plaintiff, Mr. Corbett, claims that he sustained injuries and damages as a result of the Defendants' depriving him, under color of state law, of his Fourth Amendment right to be free from the excessive use of force during the course of an arrest.  He brings this action under a federal statute protecting the civil rights of all persons within the United States.

The Defendants deny that any of their actions during the events in question violated Mr. Corbett's constitutional rights.  Instead, the Defendants claim that they were acting in good faith and with probable cause and that their actions were reasonable.  The Defendants also claim that they were not guilty of any fault or wrongdoing in regard to the incident in question.[14]

Congress enacted the federal civil rights act under which the Plaintiff brings this suit to enforce the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without

---

[13] See O'Malley, et al., Federal Jury Practice and Instructions § 101.41 (5th ed. 2000).

[14] See O'Malley, et al., Federal Jury Practice and Instructions § 165.01 (5th ed. 2000).

>due process of law; nor deny to any person within its jurisdiction
>the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law. Every person also has the right under the Constitution to be secure in the his or her home or dwelling against unreasonable searches. Finally, every person has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which Mr. Corbett sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.[15]

### Section 1983 Cause of Action – Elements

In order to prove his claim, Mr. Corbett must establish, by a preponderance of the evidence, the following elements:

>First: That the Defendants then and there acted under the color of state law; and

>Second: That the Defendants performed acts that operated to deprive him of one or more of his federal constitutional rights, as defined and explained in these instructions, by using excessive force against him during the course of his arrest or by failing to intervene in the use of excessive force by others;

Because the Defendants were police officers of the City of Bridgeport at the time of the acts in question and have admitted that they were acting under color of state law, Mr. Corbett has satisfied the second requirement of his claim.[16]

As to the first element, the Plaintiff claims that each of the four Defendants used excessive force when they arrested him and that they each failed to intervene in the use of excessive force by others.

#### 1. Excessive Use of Force

In making a lawful arrest, a police officer may not use more force than is reasonably necessary under the circumstances to effect the arrest. You must determine whether the each of

---

[15] See Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982); Gomez v. Toledo, 446 U.S. 635, 640 (1980); O'Malley, et al., Federal Jury Practice and Instructions § 165.10 (5th ed. 2000).

[16] See O'Malley, et al., Federal Jury Practice and Instructions § 165.20 (5th ed. 2000).

the Defendants' use of force in arresting the Plaintiff was unreasonable, in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether one or more of the Defendants used excessive force, you may consider:

1. The extent of the injury suffered;
2. The need for the application of force;
3. The relationship between the need and the amount of force used;
4. The threat reasonably perceived by the responsible officials; and
5. Any efforts made to temper the severity of a forceful response.

You must judge the reasonableness of a particular use of force from the perspective of a reasonable police officer on the scene, rather than with hindsight. This reasonableness inquiry is an objective one. The question is whether a Defendant's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

You must presume that police officers know about the clearly established constitutional rights of citizens.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that the Plaintiff has proved that any Defendant knowingly violated his constitutional rights, you must find for the Plaintiff with respect to that Defendant.[17]

*Plaintiff objects to this "Excessive Use of Force" instruction in its entirety.*

### 2. __Failure to Intervene__

Police officers also have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating someone's constitutional rights. A police officer may not ignore the duty imposed by his office and fail to stop other officers who violate the constitutional rights of a third person in his presence. Thus, if you find that any of the Defendants used excessive force against the Plaintiff, and that another Defendant observed or had reason to know of these constitutional violations, and was in a position to and had the ability

---

[17] See Graham v. O'Connor, 490 U.S. 386, 394-95 (1989); Tennessee v. Garner, 471 U.S. 1, 7 (1985); Young v. County of Fulton, 160 F.3d. 899 (2d Cir. 1998); O'Malley, et al., Federal Jury Practice and Instructions § 165.23 (5th ed. 2000).

-10-

to stop these actions, but did not prevent the constitutional violation, you may hold that Defendant liable as well as for the unlawful act or acts of his co-Defendant.[18]

Because the Defendants were police officers of the City of Bridgeport at the time of the acts in question, and because police offers have a duty to intervene to prevent fellow officers from using excessive force, the Court finds that the Defendants had a duty to intervene in the use of excessive force by their co-Defendants. In other words, Mr. Corbett has satisfied the second requirement of his claim as to each of the Defendants.[19]

*Defendants object to the second paragraph of this "Failure to Intervene" instruction.*

### III. DAMAGES

#### Compensatory and Nominal Damages

I have now given you all the law regarding the principles by which you should examine this case. Next, I will direct you to the issue of damages, which you shall consider in light of what I am about to tell you. If you find that the Plaintiff, Mr. Corbett, has proven any of his claims by a preponderance of the evidence, you must then determine the amount of damages that will fairly and adequately compensate the Plaintiff in accordance with the evidence and these instructions.

You should not consider the fact that I am instructing you on damages as intimating the Court's view as to which party is entitled to your verdict in this case. The instructions on damages are for your guidance, if you should find that the Plaintiff is entitled to damages.

The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate him for the Defendants' deprivation of his civil rights.

You may not base damages on speculation or sympathy. Speculative damages are those that might be possible but are remote or based on guesswork. You may only base damages on the evidence presented at trial.

You should consider the following elements of damages to the extent you find them proved by a preponderance of the evidence:

1. The reasonable cost of Mr. Corbett's medical care and hospitalization; and

2. Mr. Corbett's physical or emotional pain and mental anguish.

---

[18] Anderson v. Branan, 17 F.3d 552, 557 (2d Cir. 1994); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Phoenix v. Reddish, 175 F.Supp. 2d 215 (D. Conn. 2001).

[19] Anderson v. Branan, 17 F.3d 552, 557 (2d Cir. 1994).

In order to recover compensatory damages, the Plaintiff must prove that the act or omission, or acts or omissions, constituting the constitutional violation or violations were a proximate cause of his injuries. Proximate cause means that a sufficient causal connection exists between such act or omission, or acts or omissions, and any injury or damage allegedly sustained. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of act or omission, it was proximately caused by such act or omission. In other words, if a Defendant's act or omission had such an effect in producing the injury that a reasonable person would regard it as being the cause of the injury, then the act or omission was the proximate cause. In addition, more than one proximate cause of an injury or damage may exist. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.[20]

If you find that the any one or more of the Defendants violated the Plaintiff's constitutional rights, but you find that he has failed to prove actual damages, you must return an award of nominal damages not to exceed one dollar with respect to any such Defendant.[21]

**Punitive Damages**

In addition to the damages I just mentioned, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish defendants for some misconduct and/or to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Mr. Corbett and against any of the Defendants, and if you find any Defendant was recklessly or callously indifferent to Mr. Corbett's constitutional rights, then, in addition to any other damages to which you find Mr. Corbett entitled, you may, but are not required to, award him an additional amount as punitive damages, if you find it is appropriate to punish any Defendant or Defendants or to deter others from like conduct in the future. Whether to award Mr. Corbett punitive damages, and the amount of those damages, are within your sound discretion.

You may assess punitive damages against any or all the Defendants. If you assess punitive damages against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.[22]

*Defendants' object to these Damages instructions in their entirety.*

---

[20] Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998); Anderson v. Nosser, 456 F.2d 835 (5th Cir. 1972); Reimer v. Smith, 663 F.2d 1316 (5th Cir. 1981); Biffer v. Capital One Servs., No. 3:04-CV-1069 (JCH), 2006 U.S. Dist. LEXIS 8074, at *10-11 (D. Conn. Feb. 15, 2006).

[21] See O'Malley, et al., Federal Jury Practice and Instructions § 165.70 (5th ed. 2000).

[22] See O'Malley, et al., Federal Jury Practice and Instructions § 103.01 (5th ed. 2000).

-12-

## IV.    Jury Procedures

You must follow the following rules while deliberating and returning your verdict:

> First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in Court.
>
> Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone— including me—how your votes stand numerically.

Fourth, you must base your verdict solely on the evidence and on the law that I have given you in my instructions. The verdict must be unanimous. I do not intend anything I have said or done to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: ____[read verdict form]____. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[23]

---

[23] See O'Malley, et al., Federal Jury Practice and Instructions § 103.50 (5th ed. 2000).