UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR M. CORBETT : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02-CV-01736 (RNC) |
| v. : | |
| : | |
| OFFICER FITZGERALD, et al. : | |
| : | |
| Defendant. : | |
| | MAY 1, 2007 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S ARREST RECORD PRIOR TO NOVEMBER 1, 2000 AND PRECLUDE REFERENCES TO SUCH ARRESTS

Plaintiff, Arthur M. Corbett ("Mr. Corbett"), respectfully submits this memorandum in support of his Motion In Limine to exclude all testimony and other evidence referring to his arrest record prior to November 1, 2000, including any reference to any prior arrest and the subject of any such prior arrest. Aside from the January 16, 2001 arrest at issue here, and the November 1, 2000 arrest by Defendants Cummings and Fitzgerald, the probative value of Mr. Corbett's arrest record, and any references to the underlying arrests, is substantially outweighed by its prejudicial effect. The Court, therefore, should exclude such evidence pursuant to Rule 403 of the Federal Rules of Evidence.

**I.    BACKGROUND**

    **A.    Brief Factual Background**

On January 16, 2001, Officers Fitzgerald and Cummings stopped a vehicle in which Mr. Corbett was traveling. At the time of the stop, Mr. Corbett had outstanding warrants for failure to appear. Two additional officers, Officers Cosgrove and Delbouno, arrived at the scene as back-up. Officers Cummings and Fitzgerald then informed Mr. Corbett, who was in the passenger's seat of the stopped vehicle, that he was under arrest and instructed him to exit the

vehicle and to lie face down on the ground. Mr. Corbett alleges that he complied with the officers' directives and attempted to lie down and that, in the process, Officer Cummings kicked him in the head without provocation. Mr. Corbett further alleges that the four officers then proceed to beat him without cause in the course of taking him into custody. Mr. Corbett is suing Defendants for use of excessive force and for failure to intervene in the use of excessive force in violation of his constitutional rights.

### B. Mr. Corbett's Arrest Record

Defendants have listed Mr. Corbett's arrest record and other documents referring to the arrest record as potential exhibits in this case. In addition to his January 16, 2007 and November 1, 2000 arrests, Corbett's arrest record lists seven other prior arrests, dating back to 1987. These arrests primarily involved the possession and sale of drugs or narcotics. His 1992 and 1987 arrests also involved weapons charges.

### III. THE PROBATIVE VALUE OF MR. CORBETT'S ARRESTS PRIOR TO NOVEMBER 1, 2000 IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT

Rule 403 of the Federal Rules of Evidence provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. That evidence of other crimes may not be admitted if it would be unfairly prejudicial is well-settled. See Old Chief v. United States, 519 U.S. 172, 182 (1997) ("There is . . . no question that . . . evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity."); United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) ("We follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a

[party's] criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice test of *Rule 403 of the Federal Rules of Evidence*.") (emphasis in original).

### A. Prejudicial Effect

Mr. Corbett's arrest record, and references to his arrests prior to November 1, 2000, would unfairly prejudice a jury against him, in violation of Rule 403 of the Federal Rules of Evidence. The jury may simply find against him based on his criminal history, and not on whether he has proven his case. As the U.S. Supreme Court stated "[t]he inquiry [into character evidence] is not rejected because character is irrelevant; on the contrary it is said to weigh too much with the jury to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity . . . ." Graham v. Connor, 519 U.S. 172, 181 (1997) (quoting Michaelson v. United States, 335 U.S. 469, 475-76 (1948)). The danger of unfair prejudice is "especially obvious" where, as here, "a prior conviction was for a gun crime . . . ." Old Chief, 519 U.S. at 185.

### B. Probative Value

Evidence of Mr. Corbett's arrests prior to November 1, 2000 have limited, if any, probative value. First, they have no bearing on his January 16, 2001 arrest—the only arrest at issue here. Second, none of the officers involved in his January 16, 2001 were involved in any of his arrests prior to the November 1, 2000 by Officers Cummings and Fitzgerald arrested drug-related charges. Third, Mr. Corbett's arrest on weapons charges occurred almost ten years prior.

### III. CONCLUSION

Because the probative value of Mr. Corbett's arrest record prior to November 1, 2000, and references to the underlying arrests, is substantially outweighed by the prejudicial effect such

evidence would have against him, Mr. Corbett respectfully requests that the Court grant his

Motion in Limine and exclude such evidence.

                                              PLAINTIFF,
                                              ARTHUR M. CORBETT

                                By:   /s/ Jeffrey A. Fritz_____
                                              Thomas D. Goldberg (ct 04386)
                                              Jason S. Weathers (ct 24579)
                                              Jeffrey Allan Fritz (ct 26667)
                                              Day Pitney LLP
                                              City Place I
                                              185 Asylum Street
                                              Hartford, CT  06103-3499
                                              (860) 275-0100
                                              (860) 275-0343 fax
                                              *tdgoldberg@daypitney.com*
                                              *jsweathers@daypitney.com*
                                              *jafritz@daypitney.com*

                                              Its Attorneys


**CERTIFICATE OF ELECTRONIC SERVICE**

I HEREBY CERTIFY that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                         _/s/ Jeffrey A. Fritz_____
                                                         Jeffrey A. Fritz