UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR M. CORBETT | : |
| | : PRISONER |
| Plaintiff, | : CIV. NO: 3:02CV1736 (RNC) |
| | : |
| v. | : |
| | : |
| OFFICER FITZGERALD, ET AL | : |
| | : |
| Defendants | : MAY 15, 2007 |

## DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION IN LIMINE

### Introduction

The Plaintiff submitted a motion to preclude the Defendant from utilizing the Plaintiff's arrest and criminal conviction that were the result of recent criminal behavior. the Plaintiff is well aware of his criminal history.

The Defendant contends that the evidence of criminal history is not intended as a method to prejudice the jury, but is certainly admissible as a basis for attacking the credibility of any witness. The Plaintiff filed this legal action against police officers claiming that the officers used excessive force and caused injuries. The Defendants have denied that they engaged in any violation of constitutional rights. The action is clearly a case that hinges on credibility.

BMF07098                                1

**Argument**

Federal Rule of Evidence 609 provides: "(a) . . . The purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."

In accordance with this rule of evidence, convictions are automatically admissible without the need to connect them to the action at hand. See McAleavey v. McMahon, et al., 55 Fed. Appx. 594, 2003 U.S. App. Lexis 2085 (Feb. 6, 2003). The basis for this is that criminal convictions challenge, to a degree, the trustworthiness or credibility of a party or witness. In the instant action this Plaintiff, contrary to the position of the officers, contends he was physically assaulted by the officers for no reason other than he was using profanity one evening. The Defendant officers contend that they did not engage in this activity. The jury will need to weigh credibility. For this reason, the convictions are relevant.

In <u>Hodge v. Colon</u>, 1990 U.S. Dist. Lexis 9371, No. 83 CIV 2277 (KTD) (1990), the court found that prior convictions could be admitted as evidence. In ruling that the convictions were proper the court stated "Fed. R. Evid. 609(1)(1) permits impeachment of a civil witness with evidence of prior felony convictions regardless of attendant unfair prejudice to the witness or the party offering the testimony . . . A defendant in a lawsuit must be permitted to cast doubt on the credibility of the plaintiff by informing the jury that the plaintiff has a criminal record, which overrides a judge's general discretionary authority under Fed. R. Evid. 403 to balance probative value against prejudice. <u>Green v. Bock Laundry Machine Co.</u>, 109 S. Ct. 1981 (1989). See also <u>Czajka v Hickman</u>, 703 F. 2d 317 (8th Cir. 1983)."

In <u>Brundidge v. City of Buffalo</u>, 79 F. Supp. 2d 219 (W.D. of N.Y. 2000), the court was faced with the objection to cross-examination of the plaintiff and witnesses that involved facts very similar to the present objections. In <u>Brundidge</u>, the convictions involved drug convictions that the court found were admissible. In ruling, the court noted that convictions involving drugs were probative of the accused's veracity. Additionally, the court determined that the recent nature of the convictions added to admissibility. In the instant action the Plaintiff's recent incarceration and conviction, knowing that he has filed a civil rights violation, speaks volumes to credibility at this time. If the plaintiff was so concerned about projecting a credible image, he should have avoided the risk of such by not engaging in the activity. In this case it is not solely

that he was convicted of the sale and possession of narcotic substances, but at the present time he is on probation in a transitional status preparing him for release. This certainly has an impact on credibility.

The case of <u>Tussel v. Witco Chemical Corp., 555 F. Supp. 979 (W.D. Pa. 1983)</u>, cited by the Plaintiff in his Memorandum is not relevant to this action because it was strictly a negligence action and the ruling sets forth opinions that have not been recognized in this Circuit.

For purposes of the Rules of Evidence, the only criteria is that the conviction is "more than ten" years old. In this action the Plaintiff has several convictions, including the most recent one that he attempts to exclude from evidence. Each is within the last ten years.

The Defendants therefore object to the Motion in Limine and requests that the Court permit him to inquire as to his conviction.

THE DEFENDANTS

By: /s/ Barbara B. Massaro
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #05746

BMF07098

4

## CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Objection to Plaintiffs' Motion in Limine" has been mailed, postage prepaid, on this 15th day of May, 2007.

**Jason Weathers, Esq.**
**Jeffrey Fritz, Esq.**
**Day, Pitney LLP**
**CityPlace 1**
**185 Asylum Street**
**Hartford, CT  06103**

_____
Barbara Brazzel-Massaro

BMF07098                                    5



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR M. CORBETT | : |
| | : PRISONER |
| Plaintiff, | : CIV. NO: 3:02CV1736 (RNC) |
| | : |
| v. | : |
| | : |
| OFFICER FITZGERALD, ET AL | : |
| | : |
| Defendants | : MAY 15, 2007 |

### NOTICE OF MANUAL FILING

Please take notice that the Defendant has manually filed the following document:

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION IN LIMINE**

☒ This document has not been filed electronically because:
  the document cannot be converted to an electronic format
☐ the electronic file size of the document exceeds 1.5 megabytes
☐ the document is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
☐ Defendant is excused from filing this document by Court order

The document has been manually served on all parties.

                                                  THE DEFENDANTS

                                        By: _____
                                              Barbara Brazzel-Massaro
                                              Associate City Attorney
                                              OFFICE OF THE CITY ATTORNEY
                                              999 Broad Street - 2nd Floor
                                              Bridgeport, CT  06604
                                              Tel: #203/576-7647/Fed. Bar #05746

BMF07098

1

## CERTIFICATION

This is to certify that a copy of the "Notice of Manual Filing" has been mailed, postage prepaid, on this 15th day of May, 2007, to:

Jason Weathers, Esq.
Jeffrey Fritz, Esq.
Day, Pitney LLP
CityPlace 1
185 Asylum Street
Hartford, CT  06103

*Barbara B Massaro*
Barbara Brazzel-Massaro

BMF07098                                2