UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR M. CORBETT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-CV-01736 (RNC) |
| v. | : | |
| | : | |
| OFFICER FITZGERALD, et al. | : | |
| | : | |
| Defendant. | : | |
| | | MAY 25, 2007 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION IN LIMINE TO
EXCLUDE PLAINTIFF'S ARREST RECORD PRIOR TO NOVEMBER 1, 2000 AND
PRECLUDE REFERENCES TO SUCH ARRESTS**

Pursuant to Rule 7(d) of the Local Rules of Civil Procedure, Plaintiff, Arthur M. Corbett

("Mr. Corbett"), respectfully submits this Reply Brief in support of his Motion In Limine to

Exclude his Arrest Record Prior to November 1, 2000 and Preclude References to Such Arrests.

Because none of Mr. Corbett's prior convictions are for crimes involving dishonesty or false

statement, the Court must employ Rule 403's balancing test in determining whether to exclude

evidence of these convictions—contrary to Defendants' assertion that such evidence is

"automatically admissible." Under the Rule 403 balancing test, the Court must exclude evidence

of and any reference to Mr. Corbett's prior convictions, particularly those stemming from his

weapons-related charges, because the danger of unfair prejudice substantially outweighs any

probative value.

**I.    None Of Mr. Corbett's Prior Arrests Or Convictions Are For Crimes Involving
Dishonesty Or False Statement**

Mr. Corbett's seven arrests prior to November 1, 2000 relate to weapons-related charges,

burglary, assault, and narcotics-related charges. None of the offenses involve dishonesty or false

statement. See 4 Weinstein's Federal Evidence § 609.04[3] (noting that firearms offenses,

burglary, assault, and narcotics offenses do not involve dishonesty or false statement); see also United States v. Agostini, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (weapons-related convictions "not an example of prior untruthfulness nor is it a crime of deception"); Lewis v. Velez, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) (noting that "[n]either drug crimes nor assault involve dishonesty or false statement" and burglary not probative of credibility). Evidence of such convictions, therefore, is not admissible under Rule 609(a)(2) of the Federal Rules of Evidence. See id.; Fed. R. Civ. P. 609(a)(2).

## II.    Under Rule 609(a)(1), the Court Must Employ Rule 403's Balancing Test

Defendants recognize that Rule 609(a)(1) requires that courts employ Rule 403's balancing test in considering whether to admit evidence of prior felony convictions. (See Defs.' Br. at 2 (citing Fed. R. Evid. 609(a)(1)).) Yet, through their Opposition Brief, they ask the Court to ignore this directive and find that Mr. Corbett's prior convictions[1] are "automatically admissible." (See id. (citing McAleavey v. McMahon, 55 Fed. App'x 594 (2d Cir. 2003)).[2]) Their request is contrary to the applicable standards of law.

Defendants cite Hodge v. Colon, No. 83 Civ. 227 (KTD), 1990 U.S. Dist. LEXIS 9371, at *25-26 (S.D.N.Y. Jul. 26, 1990) for the proposition that "Fed. R. Evid. 609(1)(1) [sic] permits

---

[1] Defendants' Opposition Brief is unclear as to whether they seek to admit all of Mr. Corbett's prior convictions (dating back to 1987), or just his convictions within the past ten years. Defendants erroneously assert that each of Mr. Corbett's prior convictions occurred "within the last ten years." (See Defs.' Br. at 4.)

[2] Contrary to Defendants' assertion, the McAleavey decision does not stand for the erroneous proposition that prior "convictions are automatically admissible . . . ." See McAleavey v. McMahon, 55 Fed. App'x 594 (2d Cir. 2003). (Mr. Corbett attaches any unpublished decisions to which he cites as Exhibit 1.) In that case, the Court of Appeals simply found that the district court did not abuse its discretion in admitting evidence of the plaintiff's prior assault conviction in large part because "[m]ost of the prejudice cited by [the plaintiff] flows from the actions of his own counsel." Id. at 594-95.

Mr. Corbett attaches any cited unpublished cases as Exhibit 1.

impeachment of a civil witness with evidence of prior felony convictions regardless of attendant unfair prejudice to the witness or the party offering the testimony . . . ." (See Defs.' Br. at 3 (other citations omitted).)  Defendants fail to mention, however, that the Southern District of New York decided Hodge under an earlier version of Rule 609, which, contrary to the current version, did not require that courts employ Rule 403's balancing test.[3]  As the Advisory Committee Notes to the 1990 Amendment make clear:

> The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant.

---

[3] That version, in pertinent part, simply read: "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted . . . if the crime . . . was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted."  Fed. R. Civ. 609(a) (1989 ed.) (attached hereto as Exhibit 2). The amended version, requiring that courts employ Rule 403's balancing test, did not take effect until December 1, 1990.  See Fed. R. Civ. P. 609.

As the Southern District of New York explained, in a case in which the defendants made the same argument:

> *Defendants contend that felony convictions are automatically admissible to impeach a witness in a civil trial without regard to the balancing test of Rule 403. Defendants are wrong.*  Before 1990, many courts held that Rule 609 required the admission of a prior felony conviction against a witness in a civil action without any discretion on the part of the trial court.  The Supreme Court adopted this interpretation in Green v. Bock Laundry Machine Co., 490 U.S. 504, 524, 104 L. Ed. 2d 557, 109 S.Ct. 1981 (1989).  However, the 1990 amendment to Rule 609 abrogated the holding of Green.  As amended, Rule 609 now explicitly provides that prior convictions of all witnesses other than criminal defendant, including witnesses in civil actions, shall be admitted subject to Rule 403.

Daniels v. Loizzo, 986 F. Supp. 245, 250 n.7 (S.D.N.Y. 1997) (emphasis added) (internal citations omitted).

See Fed. R. Evid. 609 (Advisory Committee Notes, 1990 Amendments).  Rule 609(a)(1), therefore, currently requires that the Court employ Rule 403's balancing test with regard to Mr. Corbett's prior convictions.

**II.      The Probative Value Of Mr. Corbett's Arrests Prior To November 1, 2000 Is Substantially Outweighed By The Danger of Unfair Prejudice, Confusion Of The Issues, Or Misleading The Jury**

Mr. Corbett does not dispute that evidence of his November 1, 2000 and January 16, 2001 arrests and related convictions is admissible.[4]  The Court should, however, exclude evidence of his other prior arrests and convictions dating back to 1992 and 1987—especially his weapons-related charges—because their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  See Fed. R. Evid. 403 & 609(a).

Evidence is unfairly prejudicial if there is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Old Chief v. United States, 519 U.S. 172, 180 (1997) (citing Fed. R. Evid. 403 (Advisory Committee Notes); 28 U.S.C. App., p. 860).  In balancing probative value against prejudicial effect, courts have examined the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, (4) the importance of the credibility of the witness.  See Daniels, 986 F. Supp. at 250.

Mr. Corbett convictions prior to November 1, 2000 have little, if any, impeachment value because they do not relate to dishonesty or false statement and occurred between seven and

---

[4] Defendants erroneously state that Mr. Corbett "contends he was physically assaulted by the officers for no reason other than he was using profanity one evening."  (See Defs.' Br. at 2.)  To the contrary, Mr. Corbett has never alleged that Defendants assaulted him for using profane language.

twenty years ago.[5]  On the other hand, "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant."  Old Chief, 519 U.S. at 185.

### A.    Mr. Corbett's Weapons-Related Charges

In 1987, Mr. Corbett was arrested and convicted of discharging a firearm.  In addition, in 1992, he was arrested and convicted of (1) carrying a dangerous weapon, (2) not having a pistol permit, and (3) criminal weapon possession.  Because "the risk of unfair prejudice [is] especially obvious" "[w]here a prior conviction was for a gun crime," courts should exclude such evidence when a party offers it for impeachment purposes.  See id.  A weapons conviction has little if any probative value to evaluating veracity: "Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness . . . would be."  U.S. v. Agostini, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (citing U.S. v. Rosales, 680 F.2d 1304, 1306-07 (10th Cir. 1981) (noting that illegal possession of a firearm is "*not normally suggestive of the special probative value on the issue of credibility contemplated by Fed. R. Evid. 609(a)(1)*" (emphasis added)).  The Court, therefore, should exclude references to Mr. Corbett's weapons-related charges.

### B.    Mr. Corbett's Other Prior Convictions

Mr. Corbett has also been convicted of burglary, assault, and drug-related charges.  None of these convictions are probative of Mr. Corbett's credibility and most occurred prior to 1992. See Lewis v. Velez, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (citing Rosales, 680 F.2d at 1306-07

---

[5] The probative value of prior convictions diminishes with the passage of time.  See Daniels, 986 F. Supp. at 250; cf. Brundidge v. City of Buffalo, 79 F. Supp. 2d 219, 226 (W.D.N.Y. 1999) (admitting five to six year-old prior convictions).  Here, the majority of Mr. Corbett's prior convictions—and all of his weapons-related convictions—occurred in 1992 or before.

(excluding convictions for burglary and narcotics violations as not probative of credibility

contemplated by Rule 609(a)(1)); Furtado v. Bishop, 604 F.2d 80, 93-94 (1st Cir. 1979) (assault

conviction not probative of credibility)).[6]  The Court, therefore, should also exclude references to

these prior convictions.

## III.    **CONCLUSION**

Because the probative value of Mr. Corbett's convictions prior to November 1, 2000, is

substantially outweighed by the prejudicial effect such evidence would have against him, Mr.

Corbett respectfully requests that the Court grant his Motion in Limine and exclude such

evidence and any references to the underlying arrests.

                                    PLAINTIFF,
                                    ARTHUR M. CORBETT


                         By:___/s/ Jeffrey A. Fritz_____
                                    Jason S. Weathers (ct 24579)
                                    Jeffrey Allan Fritz (ct 26667)
                                    Thomas D. Goldberg (ct 04386)
                                    Day Pitney LLP
                                    City Place I
                                    185 Asylum Street
                                    Hartford, CT  06103-3499
                                    (860) 275-0100
                                    (860) 275-0343 fax
                                     jsweathers@daypitney.com
                                    jafritz@daypitney.com
                                    tdgoldberg@daypitney.com

                                    His Attorneys

---

[6] As a point of clarification, Defendants erroneously contend that Mr. Corbett cited
Tussel v. Witco Chem. Corp., 555 F. Supp. 979 (W.D. Pa. 1983) in its main brief and suggest
that the Court disregard it because "it was strictly a negligence action and the ruling sets forth
opinions that have not been recognized in this Circuit." (See Defs.' Br. at 4.)  Defendants'
characterization of Tussel notwithstanding, Mr. Corbett has never cited to that case.  (See Pl.'s
Br.)

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I HEREBY CERTIFY that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

 /s/ Jeffrey A. Fritz_____
Jeffrey A. Fritz