# 1989 EDITION

# FEDERAL CRIMINAL CODE and RULES

as amended to February 1, 1989

Rules of Criminal Procedure
Rules Governing Title 28 section 2254 Cases
Rules Governing Title 28 section 2255 Proceedings
Rules for Trial of Misdemeanors Before U.S. Magistrates
Rules of Evidence
Rules of Appellate Procedure
Rules of Supreme Court of the United States

Title 18, Crimes and Criminal Procedure
    App. I—Act June 25, 1948, c. 645, §§ 2 to 21
    App. II—Unlawful Possession or Receipt of Firearms
    App. III—Interstate Agreement on Detainers
    App. IV—Classified Information Procedures Act
    App. V—Extradition Treaties Table
Title 21, Chapter 13, Drug Abuse Prevention and Control
Title 28, Chapter 153, Habeas Corpus
    Chapter 175, Civil Commitment and Rehabilitation of Narcotic Addicts
Title 31, Chapter 53, Subch. II, Records and Reports on Monetary Instruments Transactions
Title 46, Chapter 38, Maritime Drug Law Enforcement

Consolidated Index

ST. PAUL, MINN.
WEST PUBLISHING CO.

[Left margin text is cut off and only partially legible:]

...of the witness
...for truthful-
...ning the char-
...ess of another
witness being

by an accused
operate as a
...ess' privilege
...nined with re-
to credibility.
1987; Apr. 25,

ITTEE ON

...neral position is
...missible for the
...d in conformity
...ceptions, one of
as bearing upon
...that exception.
...l authority, the
veracity, rather
generally. The
surprise, waste
...t of the witness
§ 44.

...nce as means of
...istent with Rule
...purported to ex-
putation seem in
...uised somewhat
...nick § 44. And
...n relaxation has
...s would believe
States v. Walk-
s cited therein;

...ility is admissi-
...' character has
...t common law.
...nce 295 (5th ed.
...e § 1104. The
...hich a contrary
on. Opinion or
...pecifically qu-
ence of miscon-
corruption also
...ias or interest
§§ 1106, 1107.
...ion is an attack
epend upon the
. 4 Wigmore

...n direct by an
...ittee's Note to

...ule 405, which
...ents as proof is

[Middle column — left portion cut off:]

...character unless character is an issue in the case,
...ent rule generally bars evidence of specific in-
...of conduct of a witness for the purpose of attack-
...pporting his credibility. There are, however, two
...ons: (1) specific instances are provable when they
...en the subject of criminal conviction, and (2)
...instances may be inquired into on cross-examina-
...the principal witness or of a witness giving an
...of his character for truthfulness.
...onviction of crime as a technique of impeachment
...ed in detail in Rule 609, and here is merely
...ed as an exception to the general rule excluding
...e of specific incidents for impeachment purposes.
...rticular instances of conduct, though not the sub-
...criminal conviction, may be inquired into on cross-
...tion of the principal witness himself or of a
...who testifies concerning his character for truth-
...  Effective cross-examination demands that some
...nce be made for going into matters of this kind, but
...ibilities of abuse are substantial. Consequently
...rds are erected in the form of specific require-
...that the instances inquired into be probative of
...lness or its opposite and not remote in time. Also,
...rriding protection of Rule 403 requires that proba-
...lue not be outweighed by danger of unfair preju-
...onfusion of issues, or misleading the jury, and that
...e 611 bars harassment and undue embarrassment.
...final sentence constitutes a rejection of the doc-
...of such cases as *People v. Sorge*, 301 N.Y. 198, 93
... 637 (1950), that any past criminal act relevant to
...lity may be inquired into on cross-examination, in
...t disregard of the privilege against self-incrimina-
...  While it is clear that an ordinary witness cannot
...a partial disclosure of incriminating matter and
...invoke the privilege on cross-examination, no tenable
...tion can be made that merely by testifying he
...his right to foreclose inquiry on cross-examination
...criminal activities for the purpose of attacking his
...lity. So to hold would reduce the privilege to a
...  While it is true that an accused, unlike an
...ry witness, has an option whether to testify, if the
... can be exercised only at the price of opening up
...y as to any and all criminal acts committed during
...etime, the right to testify could scarcely be said to
... much vitality. In *Griffin v. California*, 380 U.S.
... S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Court held
...lowing comment on the election of an accused not
...ify exacted a constitutionally impermissible price,
... here. While no specific provision in terms confers
...tional status on the right of an accused to take
...nd in his own defense, the existence of the right is
...pletely recognized that a denial of it or substantial
...ment upon it would surely be of due process
...ons. See *Ferguson v. Georgia*, 365 U.S. 570, 81
... 756, 5 L.Ed.2d 783 (1961); McCormick § 131; 8
...ore § 2276 (McNaughton Rev. 1961). In any event,
...y aside from constitutional considerations, the provi-
...represents a sound policy.

NOTES OF COMMITTEE ON THE
JUDICIARY, HOUSE REPORT
NO. 93–650

Rule 608(a) as submitted by the Court permitted attack
to be made upon the character for truthfulness or un-

truthfulness of a witness either by reputation or opinion testimony. For the same reasons underlying its decision to eliminate the admissibility of opinion testimony in Rule 405(a), the Committee amended Rule 608(a) to delete the reference to opinion testimony.

The second sentence of Rule 608(b) as submitted by the Court permitted specific instances of misconduct of a witness to be inquired into on cross-examination for the purpose of attacking his credibility, if probative of truthfulness or untruthfulness, "and not remote in time". Such cross-examination could be of the witness himself or of another witness who testifies as to "his" character for truthfulness or untruthfulness.

The Committee amended the Rule to emphasize the discretionary power of the court in permitting such testimony and deleted the reference to remoteness in time as being unnecessary and confusing (remoteness from time of trial or remoteness from the incident involved?). As recast, the Committee amendment also makes clear the antecedent of "his" in the original Court proposal.

NOTES OF CONFERENCE COMMITTEE,
HOUSE REPORT NO. 93-1597

The Senate amendment adds the words "opinion or" to conform the first sentence of the rule with the remainder of the rule.

The Conference adopts the Senate amendment.

1987 AMENDMENT

The amendments are technical. No substantive change is intended.

1988 AMENDMENT

The amendment is technical. No substantive change is intended.

### Rule 609. Impeachment by Evidence of Conviction of Crime

**(a) General rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the

Case 3:02-cv-01736-WWE    Document 42-3    Filed 05/25/2007    Page 3 of 6

## Rule 609 — RULES OF EVIDENCE

conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

**(c) Effect of pardon, annulment, or certificate of rehabilitation.** Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

**(d) Juvenile adjudications.** Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

**(e) Pendency of appeal.** The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

(As amended Mar. 2, 1987, eff. Oct. 1, 1987.)

### NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES

As a means of impeachment, evidence of conviction of crime is significant only because it stands as proof of the commission of the underlying criminal act. There is little dissent from the general proposition that at least some crimes are relevant to credibility but much disagreement among the cases and commentators about which crimes are usable for this purpose. See McCormick § 43; 2 Wright, Federal Practice and Procedure; Criminal § 416 (1969). The weight of traditional authority has been to allow use of felonies generally, without regard to the nature of the particular offense, and of *crimen falsi* without regard to the grade of the offense. This is the view accepted by Congress in the 1970 amendment of § 14–305 of the District of Columbia Code, P.L. 91–358, 84 Stat. 473. Uniform Rule 21 and Model Code Rule 106 permit only crimes involving "dishonesty or false statement." Others have thought that the trial judge should have discretion to exclude convictions if the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. *Luck v. United States*, 121 U.S.App.D.C. 151, 348 F.2d 763 (19—); McGowan, Impeachment of Criminal Defendants by Prior Convictions, 1970 Law & Soc. Order 1. Whatever may be the merits of those views, this rule is drafted to accord with the Congressional policy manifested in the 19— legislation.

The proposed rule incorporates certain basic safeguards, in terms applicable to all witnesses but of particular significance to an accused who elects to testify. These protections include the imposition of definite time limitations, giving effect to demonstrated rehabilitation, and generally excluding juvenile adjudications.

**Subdivision (a).** For purposes of impeachment, crimes are divided into two categories by the rule: (1) those of what is generally regarded as felony grade, without particular regard to the nature of the offense, and (2) those involving dishonesty or false statement, without regard to the grade of the offense. Probable convictions are not limited to violations of federal law. By reason of our constitutional structure, the federal catalog of crimes is far from being a complete one, and resort must be had to the laws of the states for the specification of many crimes. For example, simple theft as compared with theft from interstate commerce. Other instances of borrowing are the Assimilative Crimes Act, making the state law of crimes applicable to the special territorial and maritime jurisdiction of the United States, 18 U.S.C. § 13, and the provision of the Judicial Code disqualifying persons as jurors on the grounds of state as well as federal convictions, 28 U.S.C. § 1865. For evaluation of the crime in terms of seriousness, reference is made to the congressional measurement of felony (subject to imprisonment in excess of one year) rather than adopting state definitions which vary considerably. See 28 U.S.C. § 1865, *supra*, disqualifying jurors for conviction in state or federal court of crime punishable by imprisonment for more than one year.

**Subdivision (b).** Few statutes recognize a time limit on impeachment by evidence of conviction. However, practical considerations of fairness and relevancy demand that some boundary be recognized. See Ladd, Credibility Tests—Current Trends, 89 U.Pa.L.Rev. 166, 176–1— (1940). This portion of the rule is derived from the proposal advanced in Recommendation Proposing in Evidence Code, § 788(5), p. 142, Cal.Law Rev.Comm'n (196—), though not adopted. See California Evidence Code § 78—.

**Subdivision (c).** A pardon or its equivalent granted solely for the purpose of restoring civil rights lost by virtue of a conviction has no relevance to an inquiry into character. If, however, the pardon or other proceeding is hinged upon a showing of rehabilitation the situation is otherwise. The result under the rule is to render the conviction inadmissible. The alternative of allowing in evidence both the conviction and the rehabilitation has not been adopted for reasons of policy, economy of time, and difficulties of evaluation.

A similar provision is contained in California Evidence Code § 788. Cf. A.L.I. Model Penal Code, Proposed Official Draft § 306.6(3)(e) (1962), and discussion in A.L.I. Proceedings 310 (1961).

Pardons based on innocence have the effect, of course, of nullifying the conviction *ab initio*.

**Subdivision (d).** The prevailing view h— adjudication is not usable for — v. *United States*, 74 App.D.C. 16—, *Cotton v. United States*, 355 F.2d —. This conclusion was based upon —stances. By virtue of its informa— —ished quantum of required proof, a— from accepted standards for crimi— theory of *parens patriae*, the juven— considered to lack the precision and value of the criminal conviction. Wh— U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 —inates these characteristics insofar —er obstacles remain. Practical proble— are raised by the common provi— —islation that records be kept confiden— destroyed after a short time. While — as to the realities of confidentiality o— —also saw no constitutional obstacles —U.S. at 25, 87 S.Ct. 1428. See also —habilitation in the Juvenile Courts, —, 289 (1967). In addition, policy co— —in to those which dictate exclusion o— —er rehabilitation has been establishe— rule of excluding juvenile adjudica— —wever, the rehabilitative process ma— demonstrated failure, or the strate— given witness may be so great as t— —ming of general policy in the int— justice. See *Giles v. Maryland*, 386 — 17 L.Ed.2d 737 (1967). Wigmore w— —ondemnation of the disallowance — tions to impeach, especially when — complainant in a case of molesting § 196; 3 *Id*. §§ 924a, 980. The rule in the judge to effect an accomm— various factors by departing from t— exclusion. In deference to the gene— of juvenile statutes, however, no — when the witness is the accuse—

**Subdivision (e).** The presum— which ought to attend judicial pr— position that pendency of an appe— of a conviction for impeachment. *pire Packing Co.*, 174 F.2d 16 (7t— 337 U.S. 959, 69 S.Ct. 1534, 93 — *United States*, 226 F.2d 185 (9t— 350 U.S. 948, 76 S.Ct. 323, 100 L.— 77 S.Ct. 868, 1 L.Ed.2d 910; and — *States*, 331 F.2d 968 (8th Cir. 19— *United States*, 85 U.S.App.D.C. — The pendency of an appeal is circumstance properly considere—

### NOTES OF COMMI— JUDICIARY, HO— NO. 93-

Rule 609(a) as submitted b— after Section 133(a) of Public — 305(b)(1), enacted in 1970. Th— For the purpose of attacki— —ness, evidence that he has b— admissible but only if the c—

Complete Annotation Materials, see Title 28 U.S.C.A.

| | | |
|---|---|---|
| p.D.C. 151, 348 F.2d 763 (1965); Criminal Defendants by Prior oc. Order 1. Whatever may be this rule is drafted to accord olicy manifested in the 1970 orporates certain basic safe- to all witnesses but of particu- :cused who elects to testify. the imposition of definite time :o demonstrated rehabilitation, .venile adjudications. purposes of impeachment, ro categories by the rule: (1) ly regarded as felony grade, to the nature of the offense, lishonesty or false statement, ide of the offense. Provable l to violations of federal law. utional structure, the federal om being a complete one, and ie laws of the states for the es. For example, simple theft m interstate commerce. Other e the Assimilative Crimes Act, rimes applicable to the special risdiction of the United States, provision of the Judicial Code rors on the grounds of state as 28 U.S.C. § 1865. For evalua- s of seriousness, reference is l measurement of felony (sub- cess of one year) rather than which vary considerably. See lisqualifying jurors for convic- court of crime punishable by in one year. statutes recognize a time limit ence of conviction. However, fairness and relevancy demand ognized. See Ladd, Credibility 89 U.Pa.L.Rev. 166, 176–177 the rule is derived from the immendation Proposing in Evi- 2, Cal.Law Rev.Comm'n (1965), California Evidence Code § 788. :don or its equivalent granted restoring civil rights lost by no relevance to an inquiry into e pardon or other proceeding is f rehabilitation the situation is ider the rule is to render the The alternative of allowing in n and the rehabilitation has not of policy, economy of time, and ontained in California Evidence del Penal Code, Proposed Offi- 962), and discussion in A.L.I. ence have the effect, of course, n *ab initio*. | Subdivision (d). The prevailing view has been that a juvenile adjudication is not usable for impeachment. *Thomas v. United States*, 74 App.D.C. 167, 121 F.2d 905 (1941); *Cotton v. United States*, 355 F.2d 480 (10th Cir. 1966). This conclusion was based upon a variety of circumstances. By virtue of its informality, frequently diminished quantum of required proof, and other depar- tures from accepted standards for criminal trials under the theory of *parens patriae*, the juvenile adjudication was considered to lack the precision and general proba- tive value of the criminal conviction. While *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), no doubt eliminates these characteristics insofar as objectionable, other obstacles remain. Practical problems of administra- tion are raised by the common provisions in juvenile legislation that records be kept confidential and that they be destroyed after a short time. While *Gault* was skepti- cal as to the realities of confidentiality of juvenile records, it also saw no constitutional obstacles to improvement. 387 U.S. at 25, 87 S.Ct. 1428. See also Note, Rights and Rehabilitation in the Juvenile Courts, 67 Colum.L.Rev. 281, 289 (1967). In addition, policy considerations much akin to those which dictate exclusion of adult convictions after rehabilitation has been established strongly suggest a rule of excluding juvenile adjudications. Admittedly, however, the rehabilitative process may in a given case be a demonstrated failure, or the strategic importance of a given witness may be so great as to require the over- riding of general policy in the interests of particular justice. See *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). Wigmore was outspoken in his condemnation of the disallowance of juvenile adjudica- tions to impeach, especially when the witness is the complainant in a case of molesting a minor. 1 Wigmore § 196; 3 *Id.* §§ 924a, 980. The rule recognizes discretion in the judge to effect an accommodation among these various factors by departing from the general principle of exclusion. In deference to the general pattern and policy of juvenile statutes, however, no discretion is accorded when the witness is the accused in a criminal case. Subdivision (e). The presumption of correctness which ought to attend judicial proceedings supports the position that pendency of an appeal does not preclude use of a conviction for impeachment. *United States v. Em- pire Packing Co.*, 174 F.2d 16 (7th Cir. 1949), cert. denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758; *Bloch v. United States*, 226 F.2d 185 (9th Cir. 1955), cert. denied 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 and 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910; and see *Newman v. United States*, 331 F.2d 968 (8th Cir. 1964), *Contra, Campbell v. United States*, 85 U.S.App.D.C. 133, 176 F.2d 45 (1949). The pendency of an appeal is, however, a qualifying circumstance properly considerable.

### NOTES OF COMMITTEE ON THE JUDICIARY, HOUSE REPORT NO. 93–650

Rule 609(a) as submitted by the Court was modeled after Section 133(a) of Public Law 91–358, 14 D.C. Code 305(b)(1), enacted in 1970. The Rule provided that: For the purpose of attacking the credibility of a wit- ness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by | death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishon- esty or false statement regardless of the punishment. As reported to the Committee by the Subcommittee, Rule 609(a) was amended to read as follows: For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible only if the crime (1) was punishable by death or imprisonment in excess of one year, unless the court determines that the danger of unfair prejudice outweighs the probative value of the evidence of the conviction, or (2) involved dishonesty or false state- ment. In full committee, the provision was amended to permit attack upon the credibility of a witness by prior conviction only if the prior crime involved dishonesty or false state- ment. While recognizing that the prevailing doctrine in the federal courts and in most States allows a witness to be impeached by evidence of prior felony convictions without restriction as to type, the Committee was of the view that, because of the danger of unfair prejudice in such practice and the deterrent effect upon an accused who might wish to testify, and even upon a witness who was not the accused, cross-examination by evidence of prior conviction should be limited to those kinds of convic- tions bearing directly on credibility, *i.e.*, crimes involving dishonesty or false statement. Rule 609(b) as submitted by the Court was modeled after Section 133(a) of Public Law 91–358, 14 D.C. Code 305(b)(2)(B), enacted in 1970. The Rule provided: Evidence of a conviction under this rule is not admis- sible if a period of more than ten years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date. Under this formulation, a witness' entire past record of criminal convictions could be used for impeachment (pro- vided the conviction met the standard of subdivision (a)), if the witness had been most recently released from confinement, or the period of his parole or probation had expired, within ten years of the conviction. The Committee amended the Rule to read in the text of the 1971 Advisory Committee version to provide that upon the expiration of ten years from the date of a conviction of a witness, or of his release from confine- ment for that offense, that conviction may no longer be used for impeachment. The Committee was of the view that after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible. Rule 609(c) as submitted by the Court provided in part that evidence of a witness' prior conviction is not admissi- ble to attack his credibility if the conviction was the subject of a pardon, annulment, or other equivalent proce- dure, based on a showing of rehabilitation, and the wit- ness has not been convicted of a subsequent crime. The Committee amended the Rule to provide that the "subse- quent crime" must have been "punishable by death or |

Case 3:02-cv-01736-WWE    Document 42-3    Filed 05/25/2007    Page 5 of 6

imprisonment in excess of one year", on the ground that a subsequent conviction of an offense not a felony is insufficient to rebut the finding that the witness has been rehabilitated. The Committee also intends that the words "based on a finding of the rehabilitation of the person convicted" apply not only to "certificate of rehabilitation, or other equivalent procedure," but also to "pardon" and "annulment."

### NOTES OF COMMITTEE OF THE JUDICIARY, SENATE REPORT NO. 93-1277

As proposed by the Supreme Court, the rule would allow the use of prior convictions to impeach if the crime was a felony or a misdemeanor if the misdemeanor involved dishonesty or false statement. As modified by the House, the rule would admit prior convictions for impeachment purposes only if the offense, whether felony or misdemeanor, involved dishonesty or false statement.

The committee has adopted a modified version of the House-passed rule. In your committee's view, the danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence. Therefore, with respect to defendants, the committee agreed with the House limitation that only offenses involving false statement or dishonesty may be used. By that phrase, the committee means crimes such as perjury or subordination of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit, or falsification bearing on the accused's propensity to testify truthfully.

With respect to other witnesses, in addition to any prior conviction involving false statement or dishonesty, any other felony may be used to impeach if, and only if, the court finds that the probative value of such evidence outweighs its prejudicial effect against the party offering that witness.

Notwithstanding this provision, proof of any prior offense otherwise admissible under rule 404 could still be offered for the purposes sanctioned by that rule. Furthermore, the committee intends that notwithstanding this rule, a defendant's misrepresentation regarding the existence or nature of prior convictions may be met by rebuttal evidence, including the record of such prior convictions. Similarly, such records may be offered to rebut representations made by the defendant regarding his attitude toward or willingness to commit a general category of offense, although denials or other representations by the defendant regarding the specific conduct which forms the basis of the charge against him shall not make prior convictions admissible to rebut such statement.

In regard to either type of representation, of course, prior convictions may be offered in rebuttal only if the defendant's statement is made in response to defense counsel's questions or is made gratuitously in the course of cross-examination. Prior convictions may not be offered as rebuttal evidence if the prosecution has sought to circumvent the purpose of this rule by asking questions which elicit such representations from the defendant.

One other clarifying amendment has been added to this subsection, that is, to provide that the admissibility of evidence of a prior conviction is permitted only upon cross-examination of a witness. It is not admissible if a person does not testify. It is to be understood, however, that a court record of a prior conviction is admissible to prove that conviction if the witness has forgotten or denies its existence.

Although convictions over ten years old generally do not have much probative value, there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness. Rather than exclude all convictions over 10 years old, the committee adopted an amendment in the form of a final clause to the section granting the court discretion to admit convictions over 10 years old, but only upon a determination by the court that the probative value of the conviction supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact. It is expected that, in fairness, the court will give the party against whom the conviction is introduced a full and adequate opportunity to contest its admission.

### NOTES OF CONFERENCE COMMITTEE, HOUSE REPORT NO. 93-1597

Rule 609 defines when a party may use evidence of a prior conviction in order to impeach a witness. The Senate amendments make changes in two subsections of Rule 609.

The House bill provides that the credibility of a witness can be attacked by proof of prior conviction of a crime only if the crime involves dishonesty or false statement. The Senate amendment provides that a witness' credibility may be attacked if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involves dishonesty or false statement, regardless of the punishment.

The Conference adopts the Senate amendment with an amendment. The Conference amendment provides that the credibility of a witness, whether a defendant or someone else, may be attacked by proof of a prior conviction but only if the crime: (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted and the court determines that the probative value of the conviction outweighs its prejudicial effect to the defendant; or (2) involved dishonesty or false statement regardless of the punishment.

By the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulne bearing on the accused's propensity tc

The admission of prior convictions ir and false statement is not within th' Court. Such convictions are peculiarly bility and, under this rule, are alwa Thus, judicial discretion granted with missibility of other prior convictions those involving dishonesty or false st

With regard to the discretionary s by paragraph (1) of rule 609(a), the mined that the prejudicial effect to the probative value of the convictio prejudicial effect *to the defendant.* ' dice to a witness other than the defen to the witness' reputation in his cc sidered and rejected by the Conferer be weighed in determining admiss judgment of the Conference that the to a nondefendant witness is outwei§ the trier of fact to have as much rele issue of credibility as possible. Such be excluded where it presents a d influencing the outcome of the tria trier of fact to convict the defendan. prior criminal record.

The House bill provides in subsec1 of conviction of a crime may not be u purposes under subsection (a) if mor' elapsed since the date of the convi( witness was released from confinen conviction, whichever is later. Th' permits the use of convictions older court determines, in the interests probative value of the conviction, : facts and circumstances, substantial udicial effect.

The Conference adopts the Senat' amendment requiring notice by a pa request that the court allow him to than ten years. The Conferees ant notice, in order to give the adversar. contest the use of the evidence, ' such information as the date of th' diction, and the offense or statute eliminate the possibility that the fl sion may impair the ability of a par for trial, the Conferees intend th& operate to avoid surprise.

#### 1987 AMENDM

The amendments are technical. is intended.

### Rule 610. Religious Belie

Evidence of the beliefs or o on matters of religion is no1 purpose of showing that by r' the witness' credibility is im

(As amended Mar. 2, 1987, eff. O

[left column — page edge cut off]

:sentations from the defend-

iment has been added to this
de that the admissibility of
ion is permitted only upon
:ss. It is not admissible if a
s to be understood, however,
ir conviction is admissible to
e witness has forgotten or

· ten years old generally do
ue, there may be exceptional
the conviction substantially
the witness. Rather than
10 years old, the committee
: form of a final clause to the
scretion to admit convictions
upon a determination by the
e of the conviction supported
mstances, substantially out-

ons over 10 years old will be
y in exceptional circumstanc-
:he decision be supported by
ices thus requiring the court
the record as to the particu-
t has considered in determin-
of the conviction substantial-
npact. It is expected that, in
the party against whom the
ill and adequate opportunity

ENCE COMMITTEE,
RT NO. 93-1597
)arty may use evidence of a
) impeach a witness. The
ianges in two subsections of

it the credibility of a witness
prior conviction of a crime
shonesty or false statement.
ides that a witness' credibili-
:rime (1) was punishable by
:cess of one year under the
victed or (2) involves dishon-
;ardless of the punishment.
: Senate amendment with an
:e amendment provides that
'hether a defendant or some-
y proof of a prior conviction
vas punishable by death or
ie year under the law under
he court determines that the
tion outweighs its prejudicial
(2) involved dishonesty or
f the punishment.

y and false statement" the
:h as perjury or subornation
, criminal fraud, embezzle-
· any other offense in the
)mmission of which involves

some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.

With regard to the discretionary standard established by paragraph (1) of rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect *to the defendant.* The danger of prejudice to a witness other than the defendant (such as injury to the witness' reputation in his community) was considered and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record.

The House bill provides in subsection (b) that evidence of conviction of a crime may not be used for impeachment purposes under subsection (a) if more than ten years have elapsed since the date of the conviction or the date the witness was released from confinement imposed for the conviction, whichever is later. The Senate amendment permits the use of convictions older than ten years, if the court determines, in the interests of justice, that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

The Conference adopts the Senate amendment with an amendment requiring notice by a party that he intends to request that the court allow him to use a conviction older than ten years. The Conferees anticipate that a written notice, in order to give the adversary a fair opportunity to contest the use of the evidence, will ordinarily include such information as the date of the conviction, the jurisdiction, and the offense or statute involved. In order to eliminate the possibility that the flexibility of this provision may impair the ability of a party-opponent to prepare for trial, the Conferees intend that the notice provision operate to avoid surprise.

#### 1987 AMENDMENT

The amendments are technical. No substantive change is intended.

### Rule 610. Religious Beliefs or Opinions

Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced.

(As amended Mar. 2, 1987, eff. Oct. 1, 1987.)

#### NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES

While the rule forecloses inquiry into the religious beliefs or opinions of a witness for the purpose of showing that his character for truthfulness is affected by their nature, an inquiry for the purpose of showing interest or bias because of them is not within the prohibition. Thus disclosure of affiliation with a church which is a party to the litigation would be allowable under the rule. Cf. *Tucker v. Reil,* 51 Ariz. 357, 77 P.2d 203 (1938). To the same effect, though less specifically worded, is California Evidence Code § 789. See 3 Wigmore § 936.

#### 1987 AMENDMENT

The amendment is technical. No substantive change is intended.

### Rule 611. Mode and Order of Interrogation and Presentation

**(a) Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

**(b) Scope of cross-examination.** Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

**(c) Leading questions.** Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

(As amended Mar. 2, 1987, eff. Oct. 1, 1987.)

#### NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES

**Subdivision (a).** Spelling out detailed rules to govern the mode and order of interrogating witnesses presenting evidence is neither desirable nor feasible. The ultimate responsibility for the effective working of the adversary system rests with the judge. The rule sets forth the objectives which he should seek to attain.

Item (1) restates in broad terms the power and obligation of the judge as developed under common law principles. It covers such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions, McCormick § 5, the order of calling witnesses and presenting evidence, 6 Wigmore § 1867, the use of demonstrative evidence, McCormick § 179, and